[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 06-15783

_____

D.C. Docket No. 04-00355-CV-T-17MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 1, 2007
THOMAS K. KAHN
CLERK

ROBERT R. GORDON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

----------------------------------
On Appeal from the United States District Court for the
Middle District of Florida
----------------------------------

(March 1, 2007)

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

We have before us Robert Roy Gordon's application for a certificate of

appealability (COA) to permit review of the district court's denial of his 28 U.S.C.

§ 2254 petition for habeas corpus relief from his first degree murder conviction

and the death sentence imposed in the courts of Florida, see Gordon v. State, 704 So. 2d 107 (Fla. 1997). The district court did not decide any of the claims raised in Gordon's habeas petition but instead dismissed it as time-barred under 28 U.S.C. § 2244(d)(1)(A). Thereafter, the district court denied Gordon's application for a COA, reasoning that because his habeas petition was untimely Gordon had failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

In order to be entitled to a COA, a petitioner who was denied habeas relief on a procedural ground must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000); Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1265 (11th Cir. 2004) (en banc), aff'd on other grounds sub nom. Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005). A "substantial question" about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006) (per curiam), cert. denied, ___ U.S. ___, 127 S. Ct. 240 (2006); Lawrence v. Florida, 421 F.3d 1221, 1225 (11th Cir. 2005), aff'd, No. 05-8820, 2007 WL 505972 (U.S. Feb. 20, 2007). If the petitioner's contention about the procedural ruling against him is foreclosed by a binding decision—one from the Supreme Court or this Court that is on point—the attempted appeal does not present a substantial question, because reasonable jurists will follow controlling law. See Lawrence, 421 F.3d at 1225 ("The district court should not have issued a COA on the statute of limitations issue because binding circuit precedent clearly disposed of the issue.").

The relevant procedural facts are set out in the district court's order. Those facts are that the judgment against Gordon became final for § 2244(d)(1)(A) purposes at the conclusion of the direct appeal process, which started the one-year statute of limitations period running on April 17, 1998. Gordon did not file his motion for state post-conviction relief until February 17, 1999, which means that 306 days had elapsed and 59 days of the one-year limitations period were left. Under § 2244(d)(2) the filing of the state post-conviction proceeding did stop the

3

running of time at that point, but it began to run again on January 9, 2004 when the Florida Supreme Court issued its mandate affirming the denial of post-conviction relief. Gordon, through his appointed counsel, did not finally file the petition for writ of habeas corpus in the district court until December 9, 2004, which was 355 days after the state post-conviction proceeding was no longer pending within the meaning of § 2244(d)(2), and 296 days too late.[1] That is why the district court dismissed Gordon's habeas petition as untimely under § 2244(d).

Gordon's COA application to us relies entirely on the hope, now forsaken, that the Supreme Court in reviewing our Lawrence decision would provide him with some basis for relief from the procedural ruling of the district court. The application argues that two questions the Supreme Court granted certiorari to decide in Lawrence are determinative here. One of those questions is whether the running of the § 2244(d) statute of limitations should be equitably tolled when the failure to file on time is the fault of capital case counsel specially appointed and supervised by Florida courts. The Supreme Court answered that question "no" in Lawrence, 2007 WL 505972, at *6. The other question presented by the Lawrence case, which Gordon contends is also relevant to his case, is whether the running of

---

[1] In fairness to present counsel for Gordon, she is not the one who failed to file the habeas petition on time; she was not representing him then.

4

the statute of limitations is tolled or suspended during the time a petition for certiorari is pending before the Supreme Court in the state collateral proceedings. We doubt the relevance of that question given the procedural facts in Gordon's case, but in any event, the Supreme Court answered it "no," as well.[2] Id. at *3–*5.

Gordon's application to us does not appear to argue, as he did in the district court, that the failure of his court-appointed counsel to file more promptly amounts to an impediment to filing created by State action, within the meaning of § 2244(d)(1)(B). To the extent he does continue to assert that as a basis for a COA, controlling law is against his position. See Lawrence, 421 F.3d at 1225–26.

Because all of Gordon's contentions concerning the district court's procedural ruling are foreclosed by binding precedent, he has failed to carry his burden of establishing a substantial question about it. His application for a COA

---

[2] Gordon's theory is that the Supreme Court's answer to that question matters because on May 17, 2004 he filed in the district court a pro se motion for equitable tolling of the time to file a habeas petition and for a stay of proceedings while he returned to state court to exhaust state remedies. Gordon argues that if his May 17, 2004 filing is viewed as the equivalent of a habeas petition for § 2244(d)(1) purposes, and if the running of the limitations period is suspended during the ninety days he had to file a certiorari petition challenging the denial of post-conviction relief by the state courts, then his filing was timely. We need not pass of the validity of the first half of that reasoning, because the Supreme Court in Lawrence rejected the second half of it. Lawrence, 2007 WL 505972, *3–*5. Given the Supreme Court's holding that the running of time is not tolled during the certiorari period in post-conviction proceedings, even Gordon's May 17, 2004 pre-petition motion filing came too late (by about 70 days).

is due to be denied because reasonable jurists could not disagree about the proper disposition of the case as the law now stands.

**APPLICATION DENIED.**[3]

---

[3] Gordon's <u>pro se</u> motion to strike his application for a certificate of appealability and his <u>pro se</u> motion to dismiss his present counsel and to appoint another counsel to represent him are **DENIED**.