[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2010
JOHN LEY
CLERK

No. 09-11620
Non-Argument Calendar

_____

D. C. Docket No. 08-00077-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORESTES CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 24, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Following his convictions for (1) conspiring to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(a)(ii); and 846, and (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B)(ii), Orestes Cabrera appeals the district court's denial of his motion to withdraw his guilty plea. Cabrera argues that the district court erred by disregarding his claim that he should be permitted to withdraw his guilty plea because defense counsel did not explain to him that a pre-plea motion could be filed to suppress the cocaine found in the rental vehicle he was driving when police stopped him. Cabrera contends that if he had known that he could file a suppression motion, he would not have entered a guilty plea. Cabrera also argues that, regardless of whether he was correct in his belief that such a motion would have been granted, his counsel was ineffective for never informing him that he could challenge the search and seizure.

We will begin by noting that the government mischaracterized Cabrera's argument as an ineffective-assistance-of-counsel claim. Cabrera is actually challenging the district court's failure to allow him to withdraw his plea, arguing that the district court erred in refusing to address his claim that, but for counsel's failure to advise him of the availability of a suppression motion, he would not

2

have pled guilty. Cabrera is therefore entitled to face the "fair and just" plea withdrawal standard, rather than "the Strickland standard" used for deciding ineffective-assistance claims.[1]

The district court may permit a defendant to withdraw a guilty plea before the court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion. United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996). "The district court may be reversed only if its decision is arbitrary or unreasonable." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). The good faith, credibility, and weight of the defendant's representations in support of the motion to withdraw are issues for the trial court to decide. Id. at 472. "An appellate court must review the record of the Rule 11 hearing as a whole and affirm the district court if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crimes charged." United States v. Siegel, 102 F.3d 477, 480 (11th Cir. 1996).

Three core due process concerns underlie Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges;

---

[1] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

3

and (3) the defendant must know and understand the direct consequences of his plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). If one of the core concerns is not satisfied, then the guilty plea is invalid. Siegel, 102 F.3d at 481. While provisions of the rule of criminal procedure regarding withdrawal of a guilty plea before sentencing should be construed and applied liberally, see United States v. Rasmussen, 642 F.2d 165, 167 (11th Cir. 1981), there is no absolute right to withdraw a guilty plea, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). There is a strong presumption that statements made by a defendant during the plea colloquy are true. Medlock, 12 F.3d at 187. Consequently, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). In determining if the defendant has met his burden to show a "fair and just reason" for plea withdrawal, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. Buckles, 843 F.2d at 472.

After reviewing the transcript of the Rule 11 hearing, we are convinced that Cabrera's plea was free from coercion; that Cabrera understood the nature of the

charges; and that Cabrera knew and understood the direct consequences of his plea. Because Cabrera received close assistance of counsel and entered his plea knowingly and voluntarily, he failed to show a fair and just reason why his motion to withdraw his plea should have been granted. Therefore, the district court did not abuse its discretion by denying the motion and accordingly, we affirm.

**AFFIRMED.**