[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10782

_____

D. C. Docket No. 07-00860-CV-ODE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

MICHAEL BELL,

Petitioner-Appellant,

versus

FLORIDA ATTORNEY GENERAL,
SECRETARY DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

BY THE COURT:

Florida state prisoner Michael Bell, who received the death penalty for two

first-degree murders, appeals the dismissal, on timeliness grounds, of his 28

U.S.C. § 2254 habeas petition by the U.S. District Court for the Middle District of

Florida. The district court granted a certificate of appealability ("COA") on the following grounds:

> (1) [W]hether Bell is entitled to tolling of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations because of late appointment of collateral counsel; (2) whether Bell is entitled to equitable tolling of the AEDPA statute of limitations; (3) whether Bell's motion to correct an illegal sentence entitles him to additional tolled time; and (4) whether the statute of limitations should run from the time that collateral counsel was appointed because that is when Bell was able to discover the factual predicate of his claims.

D.E. 65 at 2.

The right to appeal from the denial of a habeas corpus petition is governed by the requirements found at 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 1600 (2000). Pursuant to § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a habeas petition on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604; *see also Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (per curiam)

2

(citation omitted) (applying *Slack* to a petition dismissed as untimely); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1265 (11th Cir. 2004) (en banc). Thus, where a petition is denied on procedural grounds, determining whether a COA should issue "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack*, 529 U.S. at 484–85, 120 S. Ct. at 1604.

In Bell's case, the district court erred in failing to specify whether jurists of reason would find it debatable that Bell's petition states a valid claim of the denial of a constitutional right. *See* D.E. 65. Further, Bell made no substantial showing of the denial of a constitutional right in his notice of appeal, *see* D.E. 50, which the district court construed as a COA. *See* D.E. 65. As such, we VACATE the district court's order granting a COA as IMPROVIDENTLY GRANTED without prejudice to re-application. In considering a re-application for a COA, the district court must determine what claims, if any, in Bell's petition for habeas corpus make a "substantial showing of the denial of a constitutional right," in addition to whether reasonable jurists would find it debatable whether the district court was correct in its procedural ruling on timeliness. 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.