[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-02516-VEH-PWG

RORY O'NEAL SCALES,

                                        Petitioner – Appellant,

versus

LEON FORNISS,
ATTORNEY GENERAL, STATE OF ALABAMA,

                                        Respondents – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 19, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Rory O'Neal Scales, an Alabama state prisoner proceeding *pro se*, appeals

the district court's denial of his petition for habeas corpus, brought under 28

U.S.C. § 2254. Scales's amended petition, liberally construed, asserted (1) that his

Confrontation Clause rights were violated and (2) that the admission of certain

allegedly unreliable evidence at his trial deprived him of due process. The district

court denied the petition and then granted a certificate of appealability (COA) on

two issues:

1. Whether the holding of the Alabama courts that the victim's statements to a 911 dispatcher were admissible as nontestimonial for purposes of the Confrontation Clause was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States?

2. Whether any potential error in admitting the victim's statements to Officer Vetra, a police officer at the scene, was harmless, *i.e.*, whether the error had a substantial and injurious effect or influence in determining the jury's verdict?

The COA governs the scope of our review. *Thomas v. United States*, 572

F.3d 1300, 1303 (11th Cir. 2009). But Scales's brief does not address either of

these issues. Although we read *pro se* briefs liberally, we nonetheless will deem

abandoned issues that a *pro se* litigant does not address. *Timson v. Sampson*, 518

F.3d 870, 874 (11th Cir. 2008). The leniency we afford to *pro se* litigants does not

extend to functioning as *de facto* counsel or rewriting a pleading so that an action

2

will survive. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). And *pro se* pleadings must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

"The right to appeal from the denial of a habeas corpus petition is governed by . . . 28 U.S.C. § 2253(c)," *Bell v. Att'y Gen. of Fla.*, 614 F.3d 1230, 1231 (11th Cir. 2010), which requires a petitioner to obtain a COA by making a "substantial showing of the denial of a constitutional right," § 2253(c). The COA "indicate[s] which specific issue or issues" justify appellate review, *id.*, ensuring that "[t]he decision about which issues are to be considered . . . [is] made on the front end of an appeal, before the issues are briefed . . . ." *Hodges v. Att'y Gen. of Fla.,* 506 F.3d 1337, 1340 (11th Cir. 2007). "[O]ur review is restricted to the issues specified in the [COA]." *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010). If we have not expanded the COA to include a contention made in a brief, "we will not consider it." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.4 (11th Cir. 2009).

At best, two of the nine issues Scales's brief addresses — whether the district court erred in ruling on his objections to the magistrate judge's report and recommendation and in disposing of his case — tangentially implicate the questions posed in the COA. But in neither instance does Scales make any

3

argument with respect to the specific constitutional issues outlined in the COA or explain how the district court's disposition of those issues was erroneous. Rather, he simply attacks the procedural propriety of the court's decision and incorporates the non-constitutional evidentiary contentions he made to the district court. He has, therefore, abandoned the two issues for which a COA was granted.

Although he had the right to do so, *see Hodges*, 506 F.3d at 1339-41, Scales never asked that we expand the COA to include any of the multiple other claims he now makes. As we have explained, "[t]here would be no point in having a COA order specify issues" if a petitioner may simply raise new issues in his brief. *Id.* at 1341. Even if we treat the attack on the district court's COA ruling in Scales's brief as a belated application for expansion of the COA, Scales has failed to make the "substantial showing" under § 2253(c) that would justify expansion. *See Jones v. United States*, 304 F.3d 1035, 1037 n.3 (11th Cir. 2002). In fact, Scales does not identify any new constitutional issues that would warrant granting such an application.

Although we construe his brief liberally, we conclude that Scales has abandoned the only two substantive issues upon which he was entitled to appellate review. Accordingly, the decision of the district court is

**AFFIRMED**.

4