[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13781
Non-Argument Calendar
_____

D.C. Docket Nos. 2:12-cv-08024-AKK; 2:92-cr-00011-AKK-MHH-1


DENNY ANTHONY WEST,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 10, 2014)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

On April 9, 1992, a jury convicted Denny West of witness tampering, in violation of 18 U.S.C. § 1512(b)(1), and the District Court subsequently sentenced him to prison for 100 months. We affirmed. *United States v. West,* 993 F.2d 1554 (11th Cir. 1993) (Table). Before us now are the District Court's orders denying West relief under 28 U.S.C. § 2255, and Federal Rules of Civil Procedure 59(e) and 60(b).[1] The District Court denied West's second Rule 59(e) motion to reconsider as untimely, since he filed it more than 28 days after the entry of the judgment. However, it construed West's "Interlocutory Appeal" as a motion for a certificate of appealability ("COA"), and granted a COA on the following issue:

> Whether West's due process rights were violated when this court failed to issue a ruling regarding his petition pursuant to 28 U.S.C. § 2255 until fourteen years after he filed it.

On appeal, West argues that the District Court violated his due process rights by failing to rule on his initial § 2255 motion for over 14 years, while the Government argues that we lack jurisdiction to consider West's appeal because the court granted a COA on an issue that West did not timely raise. It highlights that West's second Rule 59(e) motion, raising the due process claim, was not filed within 28 days of the order denying his § 2255 motions, and contends that the motion thus did not toll the time to file an appeal. Because the time limit to file an

---

[1] West does not challenge the § 2255 dispositions. Accordingly, he cannot seek review of those dispositions. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (holding that a party abandons an issue by not raising it as an issue on appeal).

2

appeal is jurisdictional and cannot be waived, it argues, the District Court erred in granting a COA on the due process issue.

In a § 2255 proceeding, an appeal may not be taken to the court of appeals unless a circuit justice or judge issues a COA from a final order denying relief. 28 U.S.C. § 2253(c)(1)(B). A COA shall not issue unless the applicant has made a substantial showing of the denial of a constitutional right, and the COA must indicate which specific issue or issues satisfy that showing. *Id.* § 2253(c)(2)-(3).

A motion to alter or amend a judgment must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). If a party timely files a Rule 59(e) motion to alter or amend the judgment, the time to file an appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A). In a civil case, an appellant has 60 days to file an appeal after entry of the judgment or order if one of the parties is the United States. Fed. R. App. P. 4(a)(1)(B)(i).

We have jurisdiction over this appeal for two reasons: (1) West's August 13, 2013 "Interlocutory Appeal" was a timely appeal of both (a) the District Court's May 13, 2013 order denying his § 2255 motions and Rule 60(b) motion, and (b) the court's July 18, 2013 order denying his first Rule 59(e) motion; and (2) the court granted a COA.

A COA is required to appeal the denial of a Rule 59(e) motion. *Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013). Where the

3

district court denies relief on procedural grounds, the petitioner seeking a COA must show that: (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; *and* (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis added).  Thus, where a petition is denied on procedural grounds, determining whether a COA should issue has two parts, one directed at the underlying constitutional claims and one directed at the district court's procedural ruling.  *Id.* at 484-85, 120 S.Ct. at 1604.

Appellate review is generally limited to issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  However, we have vacated a district court's COA as improvidently granted.  *See Bell v. Fla. Att'y Gen.*, 614 F.3d 1230, 1232 (11th Cir. 2010).  In *Bell*, the District Court erred in failing to specify whether reasonable jurists would find it debatable that Bell's § 2254 petition stated a valid claim for the denial of a constitutional right, and Bell made no such showing in his notice of appeal, which the District Court construed as a COA.  *Id.*  Thus, we vacated the court's order granting a COA as improvidently granted, without prejudice to re-application, and instructed the court to consider what claims, if any, Bell's petition raised that made a substantial showing of the denial of a constitutional right, in addition to whether reasonable

4

jurists would find it debatable whether the district court was correct in its procedural ruling on timeliness. *Id.*

We also vacated granting a COA when the issue upon which it granted the COA conflicted with the District Court's dismissal of the appellant's habeas petition as time-barred. *See Ross v. Moore*, 246 F.3d 1299, 1300 (11th Cir. 2001). In *Ross*, the district court denied the petitioner's § 2254 habeas corpus petition as time-barred under the statute of limitations, but granted a COA on the issue of whether the petitioner was denied the right to due process under the Fifth and Fourteenth Amendments. *Id.* We held that "[w]hen a district court dismisses a petition as time-barred, it is inappropriate to grant a COA on the constitutional claim[,] e.g., the due process claim in this case." *Id.*

Here, the District Court erred in failing to state whether reasonable jurists would find it debatable whether it was correct in its procedural ruling, that West's second Rule 59(e) motion raising his due process claim was untimely. *See Slack*, 529 U.S. at 484-85, 120 S. Ct. at 1604; *cf. Bell*, 614 F.3d at 1232. And as in *Ross*, the District Court denied West's Rule 59(e) motion as untimely, but granted a COA on the constitutional claim. *Cf. Ross*, 246 F.3d at 1300. Accordingly, because the COA does not indicate whether reasonable jurists would find debatable its procedural ruling denying West's Rule 59(e) motion as untimely, we vacate the order granting a COA and remand with the instruction that the District Court

5

consider what claims, if any, West's motion raised that made a substantial showing of the denial of a constitutional right, *in addition to* whether reasonable jurists would find it debatable whether the court was correct in its procedural ruling on timeliness. *See Bell*, 614 F.3d at 1232. If both prongs are not satisfied, a COA should not issue. *See Slack*, 529 U.S. at 484-85, 120 S.Ct. at 1604.

VACATED AND REMANDED.