[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13535
_____

D.C. Docket No. 3:05-cv-00813-MMH-PDB


RICHARD HAMILTON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

Before ED CARNES, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Richard Hamilton, a prisoner on Florida's death row, has filed a motion for a

certificate of appealability (COA).  See 28 U.S.C. § 2253(c).  He argues that jurists

of reason could debate whether the district court properly denied the motions he filed under Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure. Those motions contended that, based on intervening decisions by the Supreme Court and this Court, Hamilton should be able to revive the ineffective-assistance-of-counsel claim that he procedurally defaulted in his state post-conviction proceedings.

## I.

In 2008, the district court dismissed Hamilton's original § 2254 petition on the ground that it was time-barred by 28 U.S.C. § 2244(d)'s statute of limitations. We affirmed. Hamilton v. Sec'y, DOC, 410 F. App'x 216, 220–21 (11th Cir. 2010) (unpublished).

Several years later, on March 15, 2013, Hamilton filed a Rule 60(b) motion seeking to reopen the judgment dismissing his habeas petition. He asked that the district court reopen the portion of its judgment dismissing the eighth claim in his habeas petition (which alleged ineffective assistance of trial counsel) based on the Supreme Court's decision in Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309 (2012), and the ineffective assistance he claimed to have received in his state post-conviction proceedings. Hamilton asserted in his Rule 60(b) motion that he had received ineffective assistance of counsel when his trial counsel failed to investigate and present evidence that he had brain damage, and also when his state post-conviction counsel failed to identify the oversight and present it as a basis for

2

an ineffective-assistance claim.  He argued that under Martinez a § 2254 petitioner in his position was entitled under Rule 60(b)(6) to reopen the judgment against him on his ineffective-assistance claim.  The district court denied the motion and declined to grant a COA.

A short time later, Hamilton filed a Rule 59(e) motion requesting that the district court alter or amend its order denying his Rule 60(b) motion.  He pointed out that this Court's decision in Cadet v. Florida Department of Corrections, 742 F.3d 473 (11th Cir. 2014), and the Supreme Court's decision in Maples v. Thomas, — U.S. —, 132 S. Ct. 912 (2012), had clarified that attorney abandonment can justify equitable tolling under AEDPA.  He then argued that his federal habeas attorneys had abandoned him in his § 2254 proceedings and that abandonment justified reopening the district court's judgment dismissing his § 2254 petition.  The district court denied the motion, reasoning, among other things, that Rule 59(e) does not permit litigants to raise new issues and that Hamilton was raising the attorney-abandonment claim for the first time.  The court also denied a COA regarding the Rule 59(e) motion.

Hamilton then filed in this Court an application for a COA.  Based on the arguments raised in his application, we issued an order directing the parties to brief these three questions:

(1)    Given the nature and procedural posture of this case, is a certificate of appealability required?

3

(2)    If a certificate of appealability is required, should this Court grant one?

(3)    If a certificate of appealability is not required or if one is granted, did the district court err in denying the Rule 60(b) motion?

Having received the parties' briefs, we turn to those questions.

## II.

"We review de novo issues of law presented in a certificate of appealability." Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003). Where, as here, the district court's decisions relied in part on the Federal Rules of Civil Procedure, the § 2254 petitioner must make both a substantive and a procedural showing. Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006). He must show:  (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

## A.

We begin with the question of whether a COA is required given the nature and procedural posture of this case.  Hamilton argues that no COA is required because he is appealing the denial of a Rule 60(b) motion.  The text of 28 U.S.C. § 2253(c)(1)(A) states that a COA is required for appeals from a "final order" in a § 2254 proceeding.  Hamilton points to two Supreme Court decisions for his

4

position.  The first is Gonzalez v. Crosby, 545 U.S. 524, 535 & n.7, 125 S. Ct. 2641, 2650 & n.7 (2005), which declined to decide whether § 2253(c) makes obtaining a COA "a prerequisite to appealing the denial of a Rule 60(b) motion."[1] A decision not to decide a question is not a decision of the question.  The second decision Hamilton points to is Harbison v. Bell, 556 U.S. 180, 183, 129 S. Ct. 1481, 1485 (2009), which held that a COA is not required to appeal a district court's denial of a motion to substitute federal habeas counsel pursuant to 18 U.S.C. § 3599.  This is not an appeal from an order regarding the appointment of counsel under § 3599.  The issue before us was not decided by the Supreme Court in Gonzalez or Harbison.

The answer to the issue is, however, compelled by a number of our decisions both before and after those two Supreme Court decisions.  See, e.g., Griffin v. Sec'y, Fla. Dep't of Corr., 787 F.3d 1086, 1088 (11th Cir. 2015) ("To appeal the denial of a Rule 60(b)(5) motion, a habeas petitioner must be granted a COA."); Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007) ("[S]ubsequent to the Supreme Court's decision in Gonzalez, we have confirmed that it is still the law of this circuit that a certificate of appealability is required for the appeal of any denial

---

[1] Some language in the Gonzalez opinion arguably implies that a COA is required for a habeas petitioner to appeal the denial of a Rule 60(b) motion.  See Gonzalez, 545 U.S. at 535 n.7, 125 S. Ct. at 2650 n.7 ("[T]he COA requirement appears to be a more plausible and effective screening requirement, with sounder basis in the statute, than the near-absolute bar imposed here by the Court of Appeals.").

5

of a Rule 60(b) motion for relief from a judgment in a 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceeding.") (alterations omitted) (quotation marks omitted); Jackson v. Crosby, 437 F.3d 1290, 1294–95 (11th Cir. 2006) (same). Our decision in Griffin is decisive and binding because it was decided after both Gonzalez and Harbison. Binding precedent also establishes that a COA is required before a habeas petitioner may appeal the denial of a Rule 59(e) motion. See Perez v. Sec'y, Fla. Dep't of Corr., 711 F.3d 1263, 1264 (11th Cir. 2013) ("Because the denial of a Rule 59(e) motion constitutes a 'final order' in a state habeas proceeding, we conclude that a COA is required before this appeal may proceed.")

Even if we were not bound by our post-Gonzalez and post-Harbison prior precedent, we would still hold that a COA is required before a habeas petitioner may appeal the denial of a Rule 60(b) motion. As we have already noted, the Supreme Court in Gonzalez explicitly declined to decide the issue, but dictum in the opinion implies that § 2253(c) requires a COA for an appeal from the denial of a Rule 60(b) motion. See supra note 1 (citing Gonzalez, 545 U.S. at 535 n.7, 125 S. Ct. at 2650 n.7).

Harbison was an appeal from the denial of a motion to substitute counsel in a federal habeas case that raised 18 U.S.C. § 3599 issues. 556 U.S. at 183, 129 S. Ct. at 1485. The Court explained that 28 U.S.C. § 2253(c)(1)(A), which contains the COA requirement, does not apply to appeals from the denial of a

6

motion to substitute counsel because it "governs final orders that dispose of the merits of a habeas corpus proceeding — a proceeding challenging the lawfulness of the petitioner's detention." Id. Harbison does not even mention Rule 60(b). Still, Hamilton insists that seven words in the opinion — "final orders that dispose of the merits" — were meant to limit the COA requirement to judgments on the merits, thereby exempting from that requirement all orders denying Rule 60(b) motions. Wrenching those seven words out of context and giving them the meaning that Hamilton proffers would require us to conclude that in Harbison the Supreme Court sub silentio overruled its holding in Slack v. McDaniel that a COA is required to appeal the denial of a claim solely on procedural grounds. See 529 U.S. 473, 484–85, 120 S. Ct. 1595, 1604 (2000). After all, denials on procedural grounds are not "final orders that dispose of the merits," yet Slack held that a COA is required to appeal such denials. See also Hittson v. GDCP Warden, 759 F.3d 1210, 1270 n.65 (11th Cir. 2014) (Section 2253(c)'s COA requirement applies "where a district court dismisses a petitioner's federal petition on procedural grounds, without passing on the merits of the claims.") (emphasis added). Unless and until the Supreme Court overrules its Slack decision, we are required to follow it and to reject as inconsistent with that decision Hamilton's interpretation of the seven words of the Harbison opinion that he relies on.[2]

---

[2] Hamilton's position would have radical effects. It would allow every § 2254 petitioner to

7

**B.**

The next question is whether we should issue a COA here. In his brief, Hamilton identifies three potential issues: (1) whether Martinez permits him to raise his procedurally defaulted ineffective-assistance claims; (2) whether the district court should have held an evidentiary hearing on his attorney-abandonment claim; and (3) whether the district court should have granted him relief on that claim. Hamilton has not made the required showing for issuance of a COA on any of those issues.

The first issue is squarely foreclosed by our decision in Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014). There, we held that "the change in the decisional law affected by the Martinez rule is not an 'extraordinary circumstance' sufficient to invoke Rule 60(b)(6)." Id. And no COA should issue where the claim is foreclosed by binding circuit precedent "because reasonable jurists will follow controlling law." Gordon v. Sec'y, Dep't of Corr., 479 F.3d 1299, 1300 (11th Cir. 2007). The Third Circuit has disagreed with Arthur's holding that Martinez is not an "extraordinary circumstance" for purposes of Rule 60(b)(6). See Cox v. Horn, 757 F.3d 113, 123–24 (3d Cir. 2014). But we are bound by our Circuit precedent,

---

appeal, without first obtaining a COA, the denial of any Rule 60(b) motion raising any and every time-barred and procedurally barred claim he wishes, no matter how frivolous the appeal would be. That is not something the Supreme Court would have done by implication or without explanation in a case that did not even raise the issue.

8

not by Third Circuit precedent.  See OSI, Inc. v. United States, 285 F.3d 947, 952 n.3 (11th Cir. 2002).  Arthur is controlling on us and ends any debate among reasonable jurists about the correctness of the district court's decision under binding precedent.

The second issue, whether the district court should have held an evidentiary hearing on Hamilton's attorney-abandonment claim, is also beyond reasonable debate.  A § 2254 petitioner is not entitled to an evidentiary hearing if he fails to "proffer evidence that, if true, would entitle him to relief."  Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1291 (11th Cir. 2012) (alteration omitted) (quotation marks omitted).  Because any relief for Hamilton is ultimately predicated on his ability to raise his admittedly defaulted ineffective-assistance claims, and Arthur squarely forecloses that possibility, his allegations cannot entitle him to relief.  So the correctness of the denial of an evidentiary hearing is not debatable among reasonable jurists.

The third issue is whether the district court erred in denying Hamilton's Rule 59(e) motion, which sought to alter or amend the court's order denying his Rule 60(b) motion and raise for the first time an attorney-abandonment claim.  The denial of that Rule 59(e) motion is not debatable among reasonable jurists.  A Rule 59(e) motion can be granted based only on "newly-discovered evidence or manifest errors of law or fact," and this one was not based on either.  See Arthur v.

9

King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted).  It is established beyond dispute that Rule 59(e) cannot be used to "raise argument[s] or present evidence that could have been raised prior to the entry of judgment."  Arthur, 500 F.3d at 1343 (quotation marks omitted).  Even assuming (as Hamilton does) that Rule 59(e) may be used to alter an order denying a Rule 60(b) motion,[3] he could have raised the attorney-abandonment claim in his Rule 60(b) motion because Maples was decided more than a year before Hamilton filed that motion.[4]

Hamilton's application for a certificate of appealability is **DENIED**.

---

[3] There is reason to think that Rule 59(e) cannot be used to second-guess the denial of a Rule 60(b) motion.  Rule 59(e) by its own terms permits a party to "alter or amend a judgment," not an order.  Fed. R. Civ. P. 59(e) (emphasis added).  And the denial of a Rule 60(b) motion is an order, not a judgment.  There is, however, no need for us to resolve that question today.

[4] We need not decide the third question on which we ordered briefing, whether the district court erred in denying the Rule 60(b) motion, because our answers to the first two questions render it moot.

10