[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11826
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-62095-WPD


ERIC WATKINS,

Plaintiff-Appellant,

versus


SIX UNKNOWN BROWARD SHERIFF JAIL DEPUTIES, et al.,

Defendants,


BSO SHERIFF SCOTT ISRAEL,
MARK PINNOCK,
BSO Jail Deputy,
ELIAS PINO,
BSO Jail Deputy,
DANNY POLK,
BSO Jail Deputy,
GREGORY GORDON,
BSO Jail Deputy, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 12, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Watkins appeals the *sua sponte* dismissal of his amended complaint against Scott Israel, the Sheriff of Broward County, six unnamed deputies, and three unnamed medical technicians in the Broward County Jail. *See* 42 U.S.C. § 1983. Watkins challenges the dismissal of his complaint that Sheriff Israel denied him access to the courts. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Watkins also challenges the denial of his motions to alter or amend and for relief from the judgment that dismissed without prejudice his complaints against the nine unnamed employees. *See* Fed. R. Civ. P. 59(e), 60(b). We affirm.

The district court did not err by dismissing Watkins's complaint against Sheriff Israel. Watkins failed to allege facts supporting a plausible inference that "systemic official action frustrate[d] [him] in preparing and filing suits at the present time." *See Christopher v. Harbury*, 536 U.S. 403, 413 (2002). Watkins alleged that Sheriff Israel refused to voluntarily identify six deputies who allegedly assaulted Watkins or to identify three medical technicians who allegedly withheld

2

treatment from Watkins. But Sheriff Israel's inaction did not thwart Watkins from "preparing and filing [his] suit[]." *See id.* Watkins could have acquired the information he sought by, for example, requesting discovery, *see* Fed. R. Civ. P. 26(b), serving interrogatories, *see id.* R. 33, or requesting documents about the incidents alleged in his complaint, *see id.* R. 34. Watkins's failure to prosecute his case was attributable to his failure to use the methods of discovery available to him under the Federal Rules of Civil Procedure and not to an unconstitutional denial of access to courts.

The district court also did not abuse its discretion when it denied Watkins's motions to alter or amend and for relief from the judgment that dismissed his complaints against the unnamed deputies and technicians. *See* Fed. R. Civ. P. 59(e), 60(b)(6). The district court dismissed Watkins's complaints after he failed to serve process on the unnamed employees within 120 days, as required under Federal Rule of Civil Procedure 4(m), and after he failed to respond to an order to show cause for his lack of service. The district court acted within its discretion when it determined that Watkins failed to take reasonable steps to identify the unserved defendants. Watkins's postjudgment motion alleged no "manifest errors of law or fact" that warranted an alteration or amendment of the judgment under Rule 59(e), *see Hamilton v. Sec'y, Florida Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015), nor did his motion establish "that the circumstances [were]

sufficiently extraordinary to warrant relief" under Rule 60(b)(6), *see Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). Because the dismissal was without prejudice, Watkins could refile his complaint.

We **AFFIRM** the dismissal of Watkins's amended complaint.