[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15740
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00966-PGB-GJK

JOSEPH SCOTT FREEMAN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 3, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joseph Freeman, a Florida prisoner proceeding *pro se*, challenges the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred after the court determined that Freeman was not entitled to equitable tolling.  A certificate of appealability ("COA") was granted on the issue of:

> Whether, in dismissing Freeman's 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d), the district court erred in determining that Freeman was not entitled to equitable tolling, in light of *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1293 (11th Cir. 2015)

On appeal, Freeman argues only the merits of his § 2254 petition.

We review *de novo* the district court's denial of a 28 U.S.C. § 2254 petition as untimely.  *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000).  We also review *de novo* the district court's application of equitable tolling law to the facts. *Cadet v. Fla. Dep't of Corrs.*, 742 F.3d 473, 477 (11th Cir. 2014).

We liberally construe *pro se* briefs.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  However, in liberally construing a litigant's arguments, we will not act as *de facto* counsel.  *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).  Therefore, arguments not raised on appeal, even by *pro se* litigants, are deemed abandoned.  *Timson*, 518 F.3d at 874; *see also Atkins v. Singletary*, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (concluding that an appellant abandons an issue not addressed on appeal).  The mere mention in an

2

appellate brief that the district court was in error, absent any specific argument as to how the court was in error, is insufficient to raise the issue on appeal. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (determining that an appellant abandoned a claim where it referred to an issue in its statement of the case, but elaborated no arguments on the merits of the issue in its brief).

The right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c). *Bell v. Att'y Gen. of Fla.*, 614 F.3d 1230, 1231 (11th Cir. 2010). Section 2253(c) requires a petitioner to obtain a COA by making a substantial showing of the denial of a constitutional right, and the COA indicates which specific issue justifies appellate review. 28 U.S.C. § 2253(c). If we have not expanded a COA to include a claim made in a brief, we will not consider the claim. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.4 (11th Cir. 2009).

Even liberally construing his brief, Freeman abandoned the only issue included in the COA: whether the district court erred in determining that Freeman was not entitled to equitable tolling in light of the standard in *Thomas*. *See Timson*, 518 F.3d at 874. The argument portion of Freeman's brief centers on the merits of the two claims he sought to raise in his § 2254 petition, and contains no mention of the district court's determination that he should not receive equitable tolling. The only reference in Freeman's brief to equitable tolling occurs when he

3

discusses this Court's COA in his procedural history.  In that section, he notes that we granted a COA, and then, in a footnote, restates the COA in the form of a declarative statement instead of a question.  Freeman does nothing to further develop his argument, address the holding in *Thomas*, or assert that he is, in fact, entitled to equitable tolling.  Accordingly, he has abandoned this issue on appeal. *See Greenbriar*, 881 F.2d at 1573 n.6.  Moreover, we will not address the arguments that Freeman does raise regarding the merits of his § 2254 petition, because they fall outside the scope of the COA and we did not expand the COA to include the issues.  *See Williams*, 557 F.3d at 1290 n.4.  Accordingly, we affirm the district court's denial of Freeman's § 2254 petition.

**AFFIRMED.**