[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11424
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cr-0077-MCR-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORESTES CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 12, 2020)

Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Orestes Cabrera, a federal prisoner proceeding pro se, appeals the denials of

his motions for relief from and reconsideration of the district court's order denying

his petition for a writ of mandamus under 28 U.S.C. § 1651(a).  The government

has moved for summary affirmance and a stay of the briefing schedule. After careful review, we grant the government's motion.

## I.

In 2008, Cabrera pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(a)(A)(ii), and 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). Prior to his sentencing, Cabrera moved to withdraw his plea on the ground that it was not knowing or voluntary. The district court denied the motion and sentenced Cabrera to 276-months imprisonment, to be followed by 60-months supervised release. Cabrera appealed the denial of his motion to withdraw his plea and this Court affirmed, holding that Cabrera "knew and understood the direct consequences of his plea[,] . . . received close assistance of counsel[,] and entered his plea knowingly and voluntarily." United States v. Cabrera, 367 F. App'x 78, 79–80 (11th Cir. 2010) (per curiam) (unpublished).

In 2011, Cabrera filed a 28 U.S.C. § 2255 motion to vacate his sentence. He raised three grounds for vacating his sentence, including that his guilty pleas were not knowing and voluntary. While his motion did not make any arguments related to Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), one of the many exhibits attached to his motion was a newspaper article explaining Padilla's

2

holding.  The district court denied and dismissed Cabrera's motion and denied his request for a certificate of appealability ("COA").  Cabrera sought leave to appeal and this Court also denied him a COA. Cabrera unsuccessfully moved for relief from judgment under Federal Rule of Civil Procedure 60(b) and, subsequently, for reconsideration.  This Court denied him a COA as to both motions.

In 2017, Cabrera sought leave from this Court to file a second or successive § 2255 motion to vacate his sentence, arguing that his counsel was ineffective for failing to advise him of the immigration consequences of his plea as required by Padilla.  This Court denied his application, holding that because Padilla was decided before the filing of Cabrera's first § 2255 motion, Cabrera failed to show that his claims were supported by a new rule of law or newly discovered evidence.

Cabrera then petitioned the district court for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), which he argued was his only available remedy since Padilla was not retroactive on collateral review.  The district court adopted the magistrate judge's recommendation over Cabrera's objection and denied the petition for mandamus relief.  This Court denied his motion for leave to appeal in forma pauperis and then dismissed his appeal for failure to prosecute. The Supreme Court denied his petition for a writ of certiorari.

On January 8, 2019, Cabrera filed a Federal Rule of Civil Procedure 60(b) motion in district court seeking relief from the district court's judgment denying

his petition for a writ of mandamus. He argued that he was entitled to relief under

Padilla and that he had failed to raise this issue in his first § 2255 motion because

of his lack of understanding of the law. The district court denied his motion and

Cabrera moved for reconsideration pursuant to Federal Rule of Civil Procedure

59(e). The district court denied his Rule 59(e) motion. The denials of his Rule

60(b) and Rule 59(e) motions are the orders presently on appeal before this Court.

On May 3, 2019, Cabrera filed his opening brief in this appeal. The

government moved for summary affirmance and to stay the briefing schedule on

November 8, 2019.

## II.

We review the denial of post-judgment motions under Rules 59(e) and 60(b)

for abuse of discretion. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207

(11th Cir. 2014); Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317

(11th Cir. 2013). Under this standard, we must affirm unless we find the district

court applied an incorrect legal standard, failed to follow proper procedures in

making the determination on appeal, or made clearly erroneous findings of fact.

Lugo, 750 F.3d at 1207.

## III.

On appeal, Cabrera argues that relief under the All Writs Act is necessary

because he had no other remedy for obtaining relief for the alleged Padilla

4

violation after this Court denied his request for leave to file a second or successive § 2255 motion. Cabrera's appeal is frivolous and summary affirmance is warranted. Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969) (holding that summary disposition is appropriate where the appeal is frivolous or one of the parties is clearly right as a matter of law).[1]

First, the district court correctly denied Cabrera's petition for a writ of mandamus. A writ of mandamus is an extraordinary remedy which may be used to constrain a lower court judge only in circumstances that "amount[] to a judicial usurpation of power." In re Coffman, 766 F.3d 1246, 1248 (11th Cir. 2014). It is not an alternative means of challenging a criminal sentence when leave to file a second or successive § 2255 motion has been denied. Construed liberally, Cabrera's petition might alternatively be read as a writ of error coram nobis under the All Writs Act. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (holding that pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). But this form of extraordinary relief also was not available to Cabrera in the first instance, and so his motions for relief from judgment and reconsideration were without merit.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1207.

Like a writ of mandamus, a writ of error coram nobis can be granted only upon a showing that no other avenue of relief is available. See Coffman, 766 F.3d at 1248 (mandamus); Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam) (coram nobis). Here, Cabrera had available a motion to vacate his sentence under § 2255, the "exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Cabrera's first § 2255 motion was denied, and this Court has denied his application to file a second or successive § 2255 petition to raise his Padilla claim. That Cabrera's request to file a second or successive § 2255 petition was denied "does not mean that no other form of relief is or was available" to him. United States v. Adley, 783 F. App'x 914, 916 (11th Cir. 2019) (per curiam) (unpublished); see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1086 (11th Cir. 2017) (en banc) (holding that the fact that a court might reject a prisoner's argument or that a procedural rule might bar its success does not render the remedy an inadequate means by which to challenge the legality of his sentence). As such, Cabrera was not entitled to a writ of mandamus or a writ of error coram nobis in the first instance.

Second, Cabrera has not shown any newly discovered evidence or other circumstance warranting reconsideration of the district court's original order

denying his petition for mandamus or coram nobis relief.  The district court therefore did not abuse its discretion by denying his Rule 60(b) and 59(e) motions. See Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266–67 (11th Cir. 2015) (per curiam) (holding that a Rule 59(e) motion can be granted based only on newly discovered evidence or manifest errors of law or fact and cannot be used to raise arguments that could have been raised prior to the entry of judgment); Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (holding that success on appeal from denial of relief under Rule 60(b) requires "a justification so compelling that the district court was required to vacate its order" (alteration adopted and quotation marks omitted)).

The government's motion for summary affirmance is therefore **GRANTED** and the district court is **AFFIRMED**.  The government's motion to stay the briefing schedule is **DENIED** as moot.