IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

QUINCY B. JONES, ) 
 ) 
 Petitioner, ) 
 ) 
v. ) CASE NO. 2:20-CV-324-WKW 
 ) [WO] 
UNITED STATES OF ) 
AMERICA, ) 
 ) 
 Respondent. ) 
 ORDER 
On May 21, 2019, the Magistrate Judge filed a Recommendation that 
Petitioner Quincy B. Jones’s 28 U.S.C. § 2255 petition be denied as a second or 
successive petition. (Doc. # 6.) Petitioner has timely objected. (Doc. # 7.) The 
objections are due to be overruled, and the Recommendation is due to be adopted. 
Petitioner originally filed this action as a 28 U.S.C. § 2254 petition seeking 
removal of allegedly erroneous information in his presentence report that pushed 
him into in a higher criminal history category and, consequently, lengthened his 
sentence. Petitioner filed objections belatedly arguing that he has a cause of action 
under Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992). However, the 
Magistrate Judge properly construed his petition as a § 2255 motion because 
Petitioner is attempting to correct a sentence imposed in federal court. Compare 28 
U.S.C. § 2254 (applying to “person[s] in custody pursuant to the judgment of a State 
court only” raising claims that they are “in custody in violation of the Constitution 
or laws or treaties of the United States”), with 28 U.S.C. § 2255 (applying to 

“prisoner[s] in custody under sentence of a court established by Act of Congress 
claiming the right to be released upon the ground that the sentence was imposed in 
violation of the Constitution or laws of the United States, or that the court was 

without jurisdiction to impose such sentence, or that the sentence was in excess of 
the maximum authorized by law, or is otherwise subject to collateral attack, may 
move the court which imposed the sentence to vacate, set aside or correct the 
sentence”). 

Petitioner does not object to any of the Recommendation’s findings regarding 
the court’s jurisdiction to hear his successive § 2255 petition (Doc. # 7), and for the 
reasons stated in the Recommendation, this court lacks jurisdiction to pass judgment 

on the merits of the petition. Based upon an independent and de novo review of the 
Recommendation, see 28 U.S.C. § 636(b), the court finds that the Recommendation 
is due to be adopted and Petitioner’s objections are due to be overruled. 
Accordingly, it is ORDERED as follows: 

(1) Petitioner’s Objections (Doc. # 7) are OVERRULED; 
(2) The Recommendation (Doc. # 6) is ADOPTED; 
(3) Petitioner’s 28 U.S.C. § 2255 motion is DENIED as a second or 

 successive petition; and 
(4) This case is DISMISSED without prejudice. 
Final judgment will be entered separately. 
A certificate of appealability will not be issued. For a petitioner to obtain a 

certificate of appealability, he must make “a substantial showing of the denial of a 
constitutional right.” 28 U.S.C. § 2253(c)(2). This showing requires that 
“reasonable jurists could debate whether (or, for that matter, agree that) the petition 

should have been resolved in a different manner or that the issues presented were 
adequate to deserve encouragement to proceed further.” Slack v. McDaniel, 529 
U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a 
petition is denied on procedural grounds, he “must show not only that one or more 

of the claims he has raised presents a substantial constitutional issue, but also that 
there is a substantial issue about the correctness of the procedural ground on which 
the petition was denied.” Gordon v. Sec’y, Dep’t of Corrs., 479 F.3d 1299, 1300 

(11th Cir. 2007) (citations omitted). “A ‘substantial question’ about the procedural 
ruling means that the correctness of it under the law as it now stands is debatable 
among jurists of reason.” Id. 
Because reasonable jurists would not find the denial of Petitioner’s § 2255 

motion debatable, a certificate of appealability is DENIED. 
DONE this 28th day of September, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE