*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0090p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

BILLY RAY IRICK,

               *Petitioner-Appellant,*

    *v.*

RICKY J. BELL, Warden,

               *Respondent-Appellee.*

No. 10-5581

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 98-00666—Curtis L. Collier, Chief District Judge.

Decided and Filed: April 13, 2011

Before: BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Howell G. Clements, Chattanooga, Tennessee, C. Eugene Shiles, Jr., SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, Tennessee, for Appellant. James E. Gaylord, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Chief Judge. Petitioner-Appellant Billy Ray Irick, a Tennessee death-row prisoner represented by counsel, appeals the district court's judgment denying his motion requesting the court to expand or clarify the extent of his attorneys' representation under 18 U.S.C. § 3599(e)-(f). Irick filed this motion requesting authorization of federal funding pursuant to § 3599 for his counsel's efforts to represent him in the following state court proceedings: (1) writ of *error coram nobis* (based upon the evidence discovered during habeas proceedings); (2) the reopening of

his state post-conviction proceeding pursuant to T.C.A. § 40-30-117; (3) competency-to-be-executed proceedings; and (4) clemency proceedings pursuant to T.C.A. § 40-27-101, *et seq.* The district court granted the motion with respect to clemency proceedings and denied it in all other respects. Irick filed this timely appeal, challenging the district court's order denying his motion with respect to his competency-to-be-executed proceedings and the reopening of his state post-conviction proceedings.[1] Because applicable state law provides Irick with adequate counsel, we hold that he is not entitled to representation pursuant to § 3599, and we AFFIRM the judgment of the district court.

## I.

This case involves issues of statutory interpretation. These issues are questions of law, which we review de novo. *Ammex, Inc. v. United States*, 367 F.3d 530, 533 (6th Cir. 2004).

Irick challenges the district court's order denying him federally funded counsel with respect to his state competency-to-be-executed proceedings and his efforts to reopen state post-conviction proceedings. Irick argues that he is entitled to this representation pursuant to §§ 3599(a)(2) and (e), which provide:

> (a)(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).
> . . .
> (e) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution

---

[1] Irick no longer seeks to file a *coram nobis* petition in state court, and he does not appeal that aspect of the district court's decision.

and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

Irick's arguments with respect to § 3599 focus heavily on the Supreme Court's decision in *Harbison v. Bell*, 129 S. Ct. 1481 (2009). In *Harbison*, the Supreme Court held that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id.* at 1491. Irick argues that the rationale of *Harbison* applies with equal force to the proceedings for which he seeks federally funded representation. The district court rejected Irick's arguments on the basis that § 3599 applies only when adequate representation is unavailable. Because state law affords Irick adequate representation, the district court denied his motion.

We adopt the district court's holding in this case. The district court correctly analyzed Irick's claims. In *Harbison*, the Supreme Court arrived at its holding only after noting that state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency proceedings. *Id.* at 1484. The Court further emphasized that "[§ 3599](a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation."[2] *Id.* at 1488; *see also Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009) (denying defendant's § 3599 request for counsel where the defendant already had adequate representation for the proceeding at issue); *Hill v. Mitchell*, 2009 WL 2898812, at *4-6 (S.D. Ohio Sept. 4, 2009) (denying defendant's § 3599(e) request for federally appointed counsel for his *Atkins* proceeding because state law entitled him to appointed counsel). Absent clear direction from the United States Supreme Court or Congress, we decline to obligate the federal government to pay for counsel in state proceedings where the state itself has assumed that obligation.

---

[2]Irick argues that this portion of the *Harbison* opinion is taken out of context if applied to § 3599(e). In making this argument, Irick misreads the statute. As the Supreme Court explained in *Harbison*, subsection (a) outlines the two different types of defendant eligible for federally appointed counsel. *Harbison*, 129 S. Ct. at 1486. Subsection (e) outlines counsel's responsibilities. *Id.* Accordingly, a defendant who cannot qualify for federally appointed counsel under subsection (a) has no claim to counsel under subsection (e). Irick's arguments to the contrary are mistaken.

**A.**

Unlike the clemency proceeding at issue in *Harbison*, state law does authorize, and indeed requires, appointment of counsel in the types of proceedings for which Irick seeks federally appointed counsel.  Under Tennessee law, Irick has a right to appointed counsel in state proceedings challenging his competency to be executed.  *See* Tenn. Sup. Ct. R. 13 § 3(i) ("No more than two attorneys shall be appointed to represent a death-row inmate in a proceeding regarding competency for execution.  At least one of the attorneys appointed shall be qualified as post-conviction counsel . . . .").  Indeed, a Tennessee state court has specifically authorized Irick's federal habeas counsel to represent him in his state competency proceedings. *Tennessee v. Irick*, No. 24527 (Crim. Ct. for Knox Cnty., Tenn. Aug. 18, 2010).

Irick's argument that his attorneys should be entitled to compensation for work they performed prior to their appointment by the state court is misplaced.  The relevant consideration under § 3599 is whether a state affords adequate representation, not whether a defendant has availed himself of it.  *Hill*, 2009 WL 2898812 at *4-6 (denying defendant's § 3599(e) request for federally appointed counsel for his *Atkins* proceeding because state law entitled him to appointed counsel); *cf. Taylor v. Simpson*, 2007 WL 141052, at *10 (E.D. Ky. Jan. 17, 2007) ("Because [the defendant] has available to him a mechanism under state law . . . through which he can seek post-conviction DNA testing, authorization of funds under [§ 3599] is not reasonably necessary at this time.").

Tennessee has provided Irick with adequate representation.  Accordingly, Irick's attorneys are not entitled to additional compensation pursuant to § 3599. *See Harbison*, 129 S. Ct. at 1488.

**B.**

Irick also seeks federally appointed counsel for his efforts to reopen his state post-conviction proceedings.  As an initial matter, we note that the Supreme Court explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not "subsequent to" federal habeas. *Harbison*, 129 S. Ct. at 1488-

89. The Warden argues that Irick's state post-conviction proceedings are outside the scope of § 3599 because they are "the commencement of new judicial proceedings," rather than a stage "subsequent to federal habeas." *See id.* at 1488. We agree. Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds. Section 3599 does not authorize federal funding for this type of proceeding.

Further, we note that, as with his competency proceeding, Irick has a statutory right under Tennessee law to appointed counsel. *See* Tenn. Code Ann. § 40-30-206(a) (providing that "[i]t is the primary responsibility of the post-conviction defender" to prosecute collateral actions challenging the legality of the state judgment); *see also* §§ 40-30-107(b) through -117(b) (providing for the appointment of counsel for indigent post-conviction petitioners, and stating that the procedures in the Act apply if the court grants a motion to reopen). Accordingly, even if § 3599 would otherwise apply to Irick's state post-conviction proceedings, he would not be eligible for federal funding because state law affords him "adequate representation." *See Harbison*, 129 S. Ct. at 1488.

Finally, we recognize that Irick emphasizes the need for § 3599 funding for his federal habeas counsel on the basis that those counsel are already familiar with his case (implying that state-appointed counsel would be less capable). But as long as Tennessee provides adequate representation, Irick's arguments that his federal habeas counsel are more qualified than alternate state-appointed counsel are of no import under § 3599. *Cf. Hill*, 2009 WL 2898812, at *1-4 (denying defendant's request for federally appointed counsel in state-court proceedings where the state law entitled him to adequate representation, notwithstanding defendant's argument that his federal habeas counsel was already familiar with the facts of his case and was therefore especially qualified to represent him in his state-court proceedings). Further, although Irick apparently has not done so, it appears that no barrier precludes him from seeking state funds for his federal habeas counsel to represent him in his state post-conviction proceedings.

## II.

Accordingly, we **AFFIRM** the judgment of the district court.