**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICHARD GONZALES SAMAYOA,
*Petitioner-Appellant*,

v.

RON DAVIS, Warden of the California State Prison at San Quentin,
*Respondent-Appellee.*

No. 18-56047

D.C. No.
3:00-CV-02118-W-AJB

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted March 12, 2019
San Francisco, California

Filed July 3, 2019

Before: William A. Fletcher, Paul J. Watford,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge W. Fletcher;
Dissent by Judge Watford

## SUMMARY[*]

### Appointment of Counsel

The panel reversed the district court's denial of a motion, brought by a California death-row prisoner seeking state clemency, for the appointment of additional counsel from the Federal Public Defender Services for the District of Arizona, and remanded.

The panel held that the availability of state-appointed clemency counsel does not prevent the district court from appointing additional clemency counsel under 18 U.S.C. § 3599 for purposes of state clemency proceedings. The panel remanded for the district court to determine whether appointment of additional counsel to represent petitioner is appropriate under the statute.

Dissenting, Judge Watford wrote that the majority's apparent reading of 18 U.S.C. § 3599(a)(2), which requires that an inmate show that he is "financially unable to obtain adequate representation," as requiring petitioner to show only that he is indigent, cannot be squared with *Harbison v. Bell*, 556 U.S. 180 (2009), where the Supreme Court declared that an inmate's state-furnished representation may render him ineligible for appointment of counsel under § 3599, notwithstanding his indigency.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Glen P. Niemy (argued), Salem, Massachusetts, for Petitioner-Appellant.

Robin H. Urbanski (argued) and Annie Featherman Fraser, Deputy Attorneys General; Holly D. Wilkens, Supervising Deputy Attorney General; Julie L. Garland, Senior Assistant Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Office of the Attorney General, San Diego, California; for Respondent-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

We are asked to decide in this case whether 18 U.S.C. § 3599 permits federal appointment of additional counsel to represent a California death-row prisoner who is seeking state clemency where the State of California also provides for state clemency counsel. We have jurisdiction under 28 U.S.C. § 2253 and we conclude the statute so permits. We remand to the district court to determine whether appointment of additional counsel to represent Richard Samayoa is appropriate under the statute.

## I. Factual Background

Richard Samayoa was convicted in 1988 of a double murder and sentenced to death. He exhausted all state remedies when the California Supreme Court summarily denied review of his state habeas petition in 2000. In 2001, Glen Niemy, a sole practitioner, was appointed as Samayoa's

federal habeas counsel pursuant to a statute now codified at 18 U.S.C. § 3599(a)(2).  In 2002, Niemy was also appointed by the California Supreme Court "for purposes of all postconviction proceedings in this court, and for subsequent proceedings, including preparation and filing of a petition for clemency with the Governor of California, as appropriate."

Niemy, together with another attorney appointed in 2001, represented Samayoa in his federal 28 U.S.C. § 2254 habeas proceedings.  The district court denied Samayoa's habeas petition in 2009.  *Samayoa v. Ayers*, 649 F. Supp. 2d 1102 (S.D. Cal. 2009).  A divided panel of this Court  affirmed, *Samayoa v. Ayers*, 649 F.3d 919 (9th Cir. 2011), and the Supreme Court denied certiorari,  132 S. Ct. 1564 (2012).

Niemy's appointed federal habeas co-counsel left the practice of law.  Six years after the denial of certiorari, on May 14, 2018, Samayoa, now represented only by Niemy, moved in federal district court for the appointment of additional counsel from the Federal Public Defender Services for the District of Arizona (FPD-AZ).  In the motion, Niemy wrote that he had been working on Samayoa's case alone on a *pro bono* basis, "with the exception of a limited number of hours compensated by the California Supreme Court," but could "no longer afford to do so."  He supplied a list of "remaining tasks," including a full clemency investigation and petition, as well as the filing of petitions under *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Ford v. Wainwright*, 477 U.S. 399 (1986).  He informed the court that he "has never done a clemency proceeding and needs the expertise of an agency accustomed to such a process."  He identified FPD-AZ as such an agency and noted that FPD-AZ had already appeared as clemency counsel in ten cases, including three outside of Arizona and two as "co-counsel with [court-

appointed] counsel." Niemy also wrote that neither he nor FPD-AZ was seeking separate federal funding as part of the motion.

The district court denied Samayoa's motion, concluding that because California provides for state-appointed clemency counsel, "Petitioner does not appear to qualify for the appointment of federal counsel under § 3599(a)(2)." The court reasoned that "it seems appropriate to direct [the] application [for additional counsel] to the court that previously appointed counsel for [clemency] proceedings, in this case the California Supreme Court." Samayoa filed a motion for reconsideration, which the district court also denied.

Samayoa timely appealed.

## II. Legal Background

The statute at issue, 18 U.S.C. § 3599, provides for federal appointment and compensation of counsel for indigent defendants in capital cases. Section 3599(a)(1), which provides for federal appointment of trial and sentencing counsel, applies only to federal defendants. *See Harbison v. Bell*, 556 U.S. 180, 186 (2009). Section 3599(a)(2) provides for federal appointment of counsel for death-row petitioners seeking federal habeas relief, whether the petitioner was convicted in state or federal court:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate

> representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with sections (b) through (f).

Section 3599(e) extends the appointment of such attorneys to further proceedings:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, . . . and shall also represent the defendant in such competency proceedings *and for executive or other clemency as may be available to the defendant*.

(Emphasis added.) Section 3599(f) provides that once federal habeas counsel has been appointed, he or she can seek "investigative, expert, or other services . . . reasonably necessary for the representation of the defendant."

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that an attorney's representation under § 3599(e) includes state clemency proceedings. In that case, a petitioner's federal habeas counsel sought to expand the scope of her representation after "the Tennessee Supreme Court held that state law does not authorize the appointment of state public defenders as clemency counsel." *Id.* at 182. The Supreme Court framed the question as "whether

18 U.S.C. § 3599 authorizes counsel appointed to represent a state petitioner in 28 U.S.C. § 2254 proceedings to represent him in subsequent state clemency proceedings." *Id.* at 183–84.

Beginning with a "straightforward reading of the statute," the Court concluded, "Because state clemency proceedings are 'available' to state petitioners who obtain representation pursuant to subsection (a)(2), the statutory language indicates that appointed counsel's authorized representation includes such proceedings." *Id.* at 185–86. The Court noted that "Congress' sequential enumeration" in § 3599(e) "emphasizes continuity of counsel." *Id.* at 193. The Court posited that "Congress likely appreciated that federal habeas counsel are well positioned to represent their clients in the state clemency proceedings that typically follow the conclusion of § 2254 litigation" because "the work of competent counsel during habeas corpus representation may provide the basis for a persuasive clemency application." *Id.* The Court noted that, in Harbison's case, habeas counsel had uncovered a *Brady* violation that, although procedurally defaulted, could "be marshaled" in a state clemency application. *Id.*

The government had argued that the Court's reading "would require a lawyer who succeeded in setting aside a state death sentence during postconviction proceedings to represent her client during an ensuing state retrial." *Id.* at 189. The Court wrote that the government overstated the "unacceptable results" that would follow from its reading of the statute. *Id.* at 188. It wrote that a retrial following habeas relief is "not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new

judicial proceedings" and therefore outside the scope of § 3599(e). *Id.* The Court continued,

> Moreover, subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation. States are constitutionally required to provide trial counsel for indigent defendants. Thus, when a state prisoner is granted a new trial following § 2254 proceedings, his state-furnished representation renders him ineligible for § 3599 counsel until the commencement of new § 2254 proceedings.

*Id.*

In conclusion, the Court held "that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id.* at 194.

## III. Discussion

The California Attorney General's Office (hereinafter "State") argues that the district court can appoint additional counsel under § 3599 only if Samayoa can show "he is unable to obtain adequate representation from the state to pursue executive clemency." We disagree. A district court's interpretation of a statute is a question of law which we review de novo. *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001) (en banc).

## A.  Niemy's Federal Appointment

To start, it is uncontested that Niemy remains Samayoa's federally appointed counsel and represents Samayoa in his state clemency proceedings pursuant to that appointment. Niemy's status as clemency counsel frames the question before us—whether additional clemency counsel may be appointed pursuant to § 3599.

The availability of state appointment of clemency counsel is irrelevant to federally appointed counsel's ongoing representation of a death-row client in state clemency proceedings.  *Harbison* instructs that the "straightforward" reading of § 3599(e) controls.  556 U.S. at 185.  That section says that, unless replaced, federally appointed habeas counsel "*shall* represent the defendant . . . in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."  18 U.S.C. § 3599(e) (emphasis added).  This language does not invite a blanket exception if the state also  provides for clemency counsel.

We disagree with the Sixth Circuit's holding to the contrary in *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011).  In *Irick*, the Sixth Circuit held that a Tennessee death-row inmate's federal habeas counsel could not receive federal funding to represent his client in several state court proceedings identified in § 3599(e) because state law provided for appointment of counsel in those proceedings. *Id.* at 290.  The Sixth Circuit wrote, "In *Harbison*, the Supreme Court arrived at its holding only after noting that state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency proceedings."  *Id.* at 291.  We find this reasoning unpersuasive.  The Court in *Harbison* did note at the outset

that Tennessee did not provide for clemency counsel. *Harbison*, 556 U.S. at 182. But that fact was provided as part of the Court's opening narrative to explain how the case arose. *See id.* Nowhere in the Court's statement of the question on certiorari or in its discussion of the case did it condition the scope of § 3599(e) on the state's failure to provide clemency counsel.

*Harbison*'s discussion of why Congress intended § 3599(e) to include state clemency proceedings supports the plain reading of the text. One of *Harbison*'s primary rationales was that habeas counsel is uniquely positioned to advocate for clients in subsequent proceedings. *Harbison* emphasized "continuity of counsel," noting that "the work of competent counsel during habeas corpus representation may provide the basis for a persuasive clemency application." *Id.* at 193. *Harbison* was thus concerned with not only whether a petitioner was represented in clemency proceedings, but also by whom.

Indeed, this case mirrors *Harbison* in illustrating the benefit of continuity of counsel. In *Harbison*, the Court noted that federal habeas counsel had uncovered a *Brady* violation that, though defaulted and not a ground for habeas relief, "could be marshaled" in a state clemency application. *Id.* Similarly, here, Judge Reinhardt's dissent in Samayoa's earlier appeal discusses new mitigation evidence uncovered by habeas counsel about Samayoa's "unimaginably horrific" upbringing. *Samayoa*, 649 F.3d at 930. Though the evidence did not lead to habeas relief, it is precisely the type of evidence that "could be marshaled" in a state clemency application. *Harbison*, 556 U.S. at 193. *Harbison*'s emphasis on the importance of continuity of counsel is particularly salient here, confirming that continuing

representation by habeas counsel under § 3599(e) should not depend on whether a State simultaneously provides for the appointment of clemency counsel. *See id.*

As applied to Niemy, *Harbison* is clear—Niemy is authorized under § 3599(e) to continue to represent Samayoa in his California clemency petition, regardless of any provisions under California law regarding state appointment of clemency counsel.

## B.  Appointment of Additional Counsel

We now turn to the operative question in this case:  does the availability of state-appointed clemency counsel prevent the district court from appointing additional clemency counsel under § 3599 during post-habeas proceedings?

Section 3599(f) permits federally appointed counsel to seek "investigative, expert, or other services . . . reasonably necessary for the representation of the defendant" in all relevant stages of proceedings.  Niemy has informed the court that, due to his lack of experience with clemency petitions, the appointment of FPD-AZ as additional counsel is necessary for the adequate representation of his client.  The statute already contemplates that multiple attorneys may be necessary for the representation of a death-row inmate. *See* § 3599(a)(2) ("[A]ny defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one *or more* attorneys") (emphasis added).  We conclude that § 3599(f) authorizes a court to consider, upon the request of an attorney appointed under § 3599(a)(2), whether additional counsel is a "reasonably necessary" service for the representation of a death-row inmate at any stage of proceeding where the appointed

attorney is authorized to represent the client pursuant to § 3599(e).

Section 3599(e) also contemplates that federal counsel may be replaced in subsequent stages by "similarly qualified counsel" upon a motion from the attorney or defendant. Niemy was originally appointed, along with another attorney, in 2001. That second attorney has left the practice of law and no longer represents Samayoa. The Fifth Circuit's decision in *Battaglia v. Stephens*, 824 F.3d 470 (5th Cir. 2016), is instructive. In that case, the Fifth Circuit granted an inmate's motion under § 3599 to substitute federal counsel for purposes of state competency proceedings. *Id.* at 474. The inmate's federal habeas counsel had not officially withdrawn his representation, but the court determined that he had effectively abandoned his representation of Battaglia. *Id.* As in *Battaglia*, the second attorney here has not officially withdrawn, but has effectively abandoned representation of Samayoa. It would therefore be appropriate for the district court to replace her with FPD-AZ under § 3599(e), provided FPD-AZ is "similarly qualified."

Finally, even assuming as the dissent does that Samayoa's request for additional counsel triggers a new inquiry under § 3599(a)(2), that subsection does not reference state-appointed counsel. Section 3599(a)(2) instructs that "any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys." The only inquiry that the statute requires is whether a petitioner is "financially unable" to obtain adequate representation. The statute does not bar the district court from appointing additional counsel simply because a defendant can obtain  representation through other sources.

Conclusion

We hold that state provisions for clemency counsel do not bar the appointment of additional counsel under § 3599 for purposes of state clemency proceedings. We remand to the district court for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED**.

WATFORD, Circuit Judge, dissenting:

I agree with my colleagues that the scope of Glen Niemy's federal appointment under 18 U.S.C. § 3599 extends to state clemency proceedings, and that the scope of his representation is unaffected by California's provision of counsel for clemency purposes. Niemy's request for appointment of co-counsel, however, triggers a new inquiry under § 3599(a)(2). That provision authorizes a federal court to appoint "one or more attorneys" to represent a death-row inmate in state clemency proceedings, but only if the inmate can show that he is "financially unable to obtain adequate representation" on his own. An inmate cannot make that showing if the State itself, free of charge, has appointed counsel capable of providing adequate representation.

If the California Supreme Court were to appoint the Arizona Federal Public Defender's Office to represent Richard Samayoa in state clemency proceedings free of charge, he would not be able to show that he is financially unable to obtain adequate representation on his own. That is why the district court sensibly concluded that Niemy must

make his request for the appointment of co-counsel to the California Supreme Court in the first instance. If that court for whatever reason declines Niemy's request, the district court should then appoint co-counsel under § 3599(a)(2), as Niemy has persuasively shown why Samayoa needs the assistance of co-counsel to receive adequate representation in his state clemency proceedings.

My colleagues appear to read subsection (a)(2) as requiring Samayoa to show only that he is indigent in order to be entitled to the appointment of co-counsel. That reading does make some sense in light of the statute's reference to the inmate's being "financially" unable to obtain adequate representation. But in my view the majority's reading cannot be squared with the Supreme Court's decision in *Harbison v. Bell*, 556 U.S. 180 (2009), where the Court declared that an inmate's state-furnished representation may indeed render him ineligible for appointment of counsel under § 3599, notwithstanding his indigency. *Id.* at 189.