**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0518n.06

No. 19-4007

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| GERALD HAND, | ) | **FILED** |
| Petitioner- Appellant, | ) | Sep 03, 2020 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
|  | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE |
| MARC HOUK, Warden, | ) | SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Respondent- Appellee. | ) | |

BEFORE:    BOGGS, CLAY, and ROGERS, Circuit Judges.

BOGGS, Circuit Judge. Gerald Hand, an Ohio prisoner under sentence of death, appeals a district-court judgment that denied his motion for authorization for his federal habeas counsel, appointed under 18 U.S.C. § 3599(e), to appear in state-court proceedings.  Hand proposed filing a post-judgment motion in his state-court post-conviction action to address his claim that his trial counsel were ineffective for failing to move for a change of venue and for failing to exhaust his peremptory challenges.  He argues that evidence he developed in federal habeas proceedings would show that the state courts erred when they ruled that the claim was barred by *res judicata*. The district court held that appointment of federal counsel was not appropriate under § 3599(e) because Hand's proposed motion would be unreasonably tardy.

We affirm on a different basis. While § 3599(e) authorizes federal habeas counsel to appear in state court in any "subsequent stage of available judicial proceeding," new state court proceedings are not "subsequent" to federal habeas proceedings. *Harbison v. Bell*, 556 U.S. 180, 189–90 (2009). Therefore, while Hand remains, of course, free to file anything he wants in Ohio state court, he is not entitled to the assistance of federally funded counsel in doing so.

**Background**

Gerald Hand and his erstwhile employee Lonnie Welch were involved in a "decades-long plot" to murder Hand's wives for insurance money. *Hand v. Houk*, 871 F.3d 390, 396–400 (6th Cir. 2017) (cited below as "*Hand*"). They killed Hand's first wife in 1976 and his second in 1979. *Ibid.*; *State v. Hand*, 840 N.E.2d 151, 161 (Ohio 2006). When they conspired to kill yet another wife in 2002, Welch demanded more money, and Hand instead shot him along with the wife. *Hand*, 871 F.3d at 400. Hand was tried and convicted of two counts of aggravated murder with death-penalty specifications for this last double murder. The jury recommended the death penalty for each of the two murders for which Hand was tried, and the trial court followed the jury's recommendation and imposed that sentence. The Ohio Supreme Court affirmed Hand's convictions and sentence. *State v. Hand*, 840 N.E.2d at 195.

As required by Ohio law, Hand filed a post-conviction petition while his direct appeal was pending. Among his claims was the allegation that his trial counsel were ineffective for failing to move for a change of venue and for failing to exhaust his peremptory challenges to remove two allegedly biased jurors. The Ohio Court of Appeals ruled that this ineffective-assistance-of-counsel claim was barred by res judicata because Hand could have raised it on direct appeal and noted that the jury questionnaires were part of the direct appeal record. *State v. Hand*, No. 05CAA060040, 2006 WL 1063758 at *5 (Ohio Ct. App. Apr. 21, 2006). The Ohio Supreme Court denied further review. *State v. Hand*, 852 N.E.2d 1215 (Ohio 2006) (table).

Hand filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio in August 2007 and included this same claim, which is the one at issue in this appeal. The depositions of Hand's trial counsel were filed in the district court in June 2009, and his trial counsel both testified at an evidentiary hearing in February 2010. The district court denied Hand's petition in May 2013. It ruled that Hand procedurally defaulted this ineffective-assistance-of-trial-counsel claim because the state court properly held that it was barred by *res judicata*. The district court denied Hand a certificate of appealability (COA) with respect to that

claim, but it granted him a COA for the related, but separate, claim that his counsel were ineffective for failing to further question two jurors about pretrial publicity. This court affirmed the district court's decision. *Hand*, 871 F.3d 390. We held that Hand procedurally defaulted the claim that was certified by the district court because the Ohio Court of Appeals correctly ruled that claim was barred by *res judicata* as well. *Id.* at 409-10.

In August 2018, Hand filed a motion for authorization for his appointed federal habeas counsel to file a motion in Ohio state court for relief from judgment under Ohio R. Civ. P. 60(B) in his state post-conviction case. In his proposed Rule 60(B) motion, Hand states that his trial attorneys misunderstood the timing and probable outcome of moving for a change of venue, did not investigate media reports sufficiently, and were unaware of a biased juror's questionnaire. He argues that his trial counsel's errors resulted in a fundamentally unfair proceeding. Hand contends that his motion qualifies for relief under Ohio Rule 60(B)(5) as an extraordinary case because the state court denied his motion to expand the record but applied *res judicata* to bar his claim, and that the application of *res judicata* was inconsistent with Ohio precedent holding that a claim challenging counsel's failure to move for a change of venue should not be brought on direct appeal. Hand argues in the alternative that his motion satisfies Rule 60(B)(2) because his evidence is newly discovered, he exercised due diligence by seeking discovery and an evidentiary hearing, and his underlying claim is meritorious. Finally, Hand argues that his motion would be filed within a reasonable time because the testimony he relies on did not exist until the federal habeas proceedings, it would not have been prudent for him to have sought relief in state court while there was a possibility of relief in federal court, a stay and abeyance in federal court would not have been available, and he is entitled to equitable tolling because he showed diligence.

A federal magistrate judge recommended that Hand's motion for § 3599 authorization be denied. The district court overruled Hand's objections, adopted the magistrate judge's reports and recommendations, and denied the motion. The district court held that Hand's proposed Rule 60(B) motion would be exceptionally tardy and thus not an "appropriate" motion or proceeding under § 3599(e). The court found that Hand had waited thirteen years from the judgment dismissing his

post-conviction action, nine years from when he took his trial counsel's depositions, and five years from the date of a district court decision that endorsed § 3599 appointment of counsel in a similar case before he asked for § 3599 appointment to file his proposed motion. The district court concluded that, because Hand had not shown diligence, his proposed Rule 60(B) motion was not an "appropriate" motion for § 3599 appointment.

## Standard of Review

This court reviews de novo the statutory interpretation of 18 U.S.C. § 3599. *Irick v Bell*, 636 F.3d 289, 290 (6th Cir. 2011).

This court can affirm the district court's judgment for reasons other than those relied on by the district court. *See Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016).

## Analysis

An indigent petitioner who has been sentenced to death and is pursuing a writ of habeas corpus in federal court is entitled to the appointment of federally funded counsel and other services under 18 U.S.C. § 3599(a)(2). Section 3599(e) provides that:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

*Id.* at § 3599(e). In *Harbison v. Bell*, the Supreme Court confronted the question of whether this statute authorized the federal funding of the assistance of counsel for certain state proceedings, in that case, state clemency proceedings. 556 U.S. at 182–83. The Court held that, as regards state

prisoners petitioning for a writ of habeas corpus in federal court, "subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Id.* at 185. Thus, the Supreme Court held, the representation authorized by § 3599(e) was "circumscribe[d]" by the word "subsequent": "[W]hen [counsel] is appointed pursuant to (a)(2), her representation begins with the § 2254 or § 2255 'post-conviction process[]' . . . . [and] includes only those judicial proceedings transpiring 'subsequent' to her appointment." *Id.* at 188.

In Harbison's case, because his state clemency proceedings were "subsequent" to his federal habeas proceedings, not just chronologically but in terms of the way the sequence of legal proceedings *should* work, this meant that he was authorized to receive federally funded counsel. *See id.* at 193–94. In deciding how to interpret the statute, however, the Court addressed the question of when federally funded counsel would be available more generally. Generally, a state prisoner exhausts his claims in state court before seeking federal habeas relief, and thus such proceedings, not being "subsequent" to the start of federal proceedings, do not trigger the provision of counsel under § 3599. *Id.* at 189–90. The Court recognized an exception, however: Counsel appointed under § 3599 to represent a prisoner in federal habeas proceedings may represent that prisoner in state court to exhaust a claim raised in federal habeas while the federal claims are put on hold. *Id.* at 189–90 & n.7. On the other hand, the Court was clear that § 3599 does not authorize federal funding for "new judicial proceedings" in state court, such as state habeas proceedings begun after federal habeas proceedings have concluded. *Id.* at 189 (noting that, except for the aforementioned exception for exhaustion, "[s]tate habeas is not a stage 'subsequent' to federal habeas.").[1]

---

[1] That § 3599(e) might authorize federal counsel to assist in any and all "state habeas proceedings" commenced after counsel's appointment was the slippery-slope argument raised by the government and rejected by the Court in *Harbison*. *See* 556 U.S. at 189. The extensive discussion of this scenario in the multiple concurrences and dissent make crystal clear that the Court did indeed draw the line at state court proceedings that were not "subsequent" to federal habeas proceedings. *See id.* at 195 (Roberts, C.J., concurring) ("Section 3599(e)'s reference to 'subsequent stage[s] of available judicial proceedings' does not include state judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings.") (brackets in original); *id.* at 196–199

Thus, we have held that federally funded counsel are not available under §3599(e) to a prisoner seeking to reopen a state post-conviction judgment on a state-law ground that is not an attempt to exhaust a claim in order to present it in federal court. As we put it in a previous case that is directly on point to our case:

> [T]he Supreme Court explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not "subsequent to" federal habeas. *Harbison*, 129 S.Ct. at 1488–89. The Warden argues that Irick's state post-conviction proceedings are outside the scope of § 3599 because they are "the commencement of new judicial proceedings," rather than a stage "subsequent to federal habeas." *See id.* at 1488. We agree. Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds. Section 3599 does not authorize federal funding for this type of proceeding.

*Irick v. Bell*, 636 F.3d at 292. Hand, like Irick, proposes to "re-open[] a state judgment on state-law grounds." *Ibid*. Section 3599(e) authorization therefore is not proper for Hand's proposed litigation.

Specifically, Hand wants to reopen his state post-conviction petition to introduce new evidence to show that the state court erred by dismissing his claim of ineffective assistance of trial counsel as barred by *res judicata*. But the exception in *Harbison* allows federally funded counsel for a petitioner who returns to state court while federal habeas proceedings are held in abeyance only to exhaust a claim, but not to exhaust presentation of new evidence supporting an already-exhausted claim. *See* 556 U.S. at 189–90. *Cf. Carter v. Mitchell*, 829 F.3d 455, 466–67 (6th Cir. 2016) (A petitioner cannot obtain stay and abeyance to "return to state court to submit additional evidence to buttress claims already exhausted[.]") Hand argues that he is not trying to raise a new claim, but rather resurrect an old one: If, he says, he can undo the district court's holding that he procedurally defaulted the claim, he might then be able to reopen the federal proceedings. But as we have seen, Irick was also trying to "re-open" an old claim. The crucial fact is that Hand's

---

(Thomas, J., concurring) (criticizing the majority and Chief Justice Roberts's concurrence on the grounds that the statute *should* be read to encompass the provision of federally funded counsel for new state proceedings).

federal habeas proceedings are closed. *See Hand v. Shoop*, 138 S. Ct. 1593 (2018) (denying a writ of certiorari). Therefore, new proceedings in state court are not "subsequent" to them. The fact that further federal proceedings *might* then be subsequent to what *might* happen in state court after the new proceedings there does not change these facts.

In short, Hand's Ohio Rule 60(B) motion is not subsequent to his federal habeas proceedings for purposes of § 3599, and therefore federally funded counsel is not available under that statute. *See Harbison*, 556 U.S. at 190 n.7; *Irick*, 636 F.3d at 292.

## Conclusion

For the reasons set forth above, we AFFIRM the decision of the district court.

**CLAY, Circuit Judge, concurring.** I agree with my colleagues that Petitioner's motion for authorization for his federal habeas counsel to appear in state court proceedings should be denied pursuant to 18 U.S.C. § 3599(e). But I would resolve that issue on the basis decided by the district court: namely, that authorization of counsel was not appropriate under § 3599(e) because Hand's proposed state court motion would be unreasonably tardy. *See, e.g.*, *Martel v. Clair*, 565 U.S. 648, 666 (2012) (explaining that a district court does not err by denying authorization of counsel under § 3599(e) when the petitioner seeks to pursue a futile motion); *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259 (11th Cir. 2014) (same). By resolving the appeal on this narrower ground, I would not decide the statutory interpretation question of whether Hand's proposed state court proceeding is "subsequent" to his federal habeas proceedings; nor would I decide the extent to which *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011), applies to this case. Instead, because the motion that Hand seeks to pursue in state court is unreasonably tardy under the applicable Ohio rule, I concur that his motion to authorize federal counsel to appear in his state court proceedings under § 3599(e) should be denied.