United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60337
Summary Calendar

MICHAEL NELSON,

Petitioner-Appellant,

versus

CONSTANCE REESE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:05-CV-13
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Nelson, federal prisoner # 02461-095, moves to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 28 U.S.C. § 2241 petition, wherein he challenged his conviction in the Eastern District of Louisiana for conspiracy to possess cocaine base with intent to distribute and two counts of distribution of cocaine base. The United States District Court for the Southern District of Mississippi determined that it lacked jurisdiction over Nelson's § 2241

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition because he was actually attempting to file a successive 28 U.S.C. § 2255 motion.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3). Nelson argues that the district court erroneously concluded that his petition was successive, that he is entitled to seek relief under § 2241 pursuant to the savings clause of § 2255, and that he is entitled to seek relief under the All Writs Act, 28 U.S.C. § 1651(a). Nelson challenges his underlying sentence by arguing that (1) his sentence must be reopened because two state convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA) have been vacated by the state court and (2) his sentence exceeded the statutory maximum because the sentencing judge determined sentencing enhancements based on a preponderance of the evidence, in violation of United States v. Booker, 543 U.S. 220 (2005).

We have previously rejected identical arguments in multiple requests from Nelson to file successive § 2255 motions. See, e.g., In re Nelson, No. 05-30574 at 2-3 (5th Cir. July 19, 2005) (unpublished). Although Nelson seeks to proceed under § 2241 pursuant to the savings clause of § 2255, he has not shown that the remedy available under § 2255 is inadequate or ineffective. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.

2001); see also Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000) (prior unsuccessful § 2255 motion, or the inability to meet the second or successive requirements, does not render § 2255 inadequate or ineffective). To the extent Nelson argues that the Booker line of authority applies to his case, his argument is unavailing in light of Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

"[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996)(quotation marks omitted). Because § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, see Reyes-Requena, 243 F.3d at 901, the All Writs Act is not applicable to Nelson's petition.

Nelson fails to show that he will raise a nonfrivolous issue on appeal. Consequently, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Nelson has been previously sanctioned by this court for filing frivolous pleadings and was warned that further frivolous or repetitive filings would subject him to additional sanctions. See In re Nelson, No. 05-30574 at 2-3. Despite this sanction and warning, Nelson has continued to raise the same arguments in

additional frivolous pleadings.  Therefore, we order Nelson to pay a monetary sanction of $250 to the clerk of this court.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se pleading challenging the aforementioned conviction and sentence unless Nelson submits proof of satisfaction of this sanction.  If Nelson attempts to file any pleadings challenging his conviction and sentence in this court without such proof the clerk will docket them for administrative purposes only.  Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED.