# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2021

Lyle W. Cayce
Clerk

No. 20-70014
CONSOLIDATED WITH
Nos. 20-70016, 20-70017

PAUL DAVID STOREY,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*,

CONSOLIDATED WITH

No. 20-10805

IN RE: PAUL DAVID STOREY,

*Movant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:11-CV-433, 4:20-CV-685

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

Before Smith, Haynes, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

In September 2008, Petitioner Paul David Storey was convicted of capital murder and sentenced to death in Criminal District Court No. 3 of Tarrant County, Texas, for the murder of Jonas Cherry. His efforts to challenge his conviction and sentence were unsuccessful on direct review and in initial state and federal habeas proceedings. The state trial court scheduled Storey's execution for April 12, 2017. *Ex parte Storey*, 584 S.W.3d 437, 438 (Tex. Crim. App. 2019) (per curiam).

Storey claims that in the weeks leading up to his execution, his counsel learned that the victim's parents—Judith and Glenn Cherry—were opposed to Storey's receiving the death penalty and had conveyed that opposition to the prosecutors prior to trial. Nevertheless, despite knowing the Cherrys' opposition, the prosecutors stated during closing argument at the punishment phase of trial that "all of [the victim's] family and everyone who loved him believe the death penalty is appropriate." *Id.* (alteration in original).

After discovering this alleged prosecutorial misconduct, Storey filed a successive state habeas petition asserting a number of federal constitutional claims premised on the misconduct. *Id.* Ultimately, the Texas Court of Criminal Appeals ("TCCA") dismissed Storey's new petition as failing to satisfy Texas's abuse-of-the-writ procedural bar. *Id.* at 438-40 (citing Tex. Code Crim. Proc. Ann. art. 11.071, § 5).

Following the TCCA's decision, Storey took several actions in federal district court seeking relief. The district court ruled against Storey in each instance. Storey's counsel also sought compensation from the district court for their efforts working on Storey's successive state habeas proceedings. The district court also denied that request.

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

Storey filed appeals in this court challenging each decision. We consolidated the appeals and now resolve them. We AFFIRM the district court's rulings, for the reasons stated below.

## I. Background

We begin with a description of Storey's various actions in federal district court following the TCCA's decision.

### A. Rule 60(b) Motion and Motion Invoking the All Writs Act

Under the cause number for his initial federal habeas petition, No. 4:11-CV-433, Storey filed two separate motions in federal district court. The first is a purported motion under Federal Rule of Civil Procedure 60(b). The second motion, which Storey now describes as a "Motion for Exercise of Residual Power," sought to have the district court exercise authority under the All Writs Act, 28 U.S.C. § 1651(a). Both motions sought the same relief. Effectively, Storey requested that the district court overrule the TCCA's decision with respect to the application of the state procedural bar and then "remand" the cause to the TCCA for it to consider the merits of his successive state habeas petition.

The district court dismissed both motions for lack of jurisdiction. Following the district court's dismissal, Storey simultaneously filed both a motion for a Certificate of Appealability ("COA") and a Notice of Appeal for each dismissed motion. The district court denied COAs. Storey has now filed a motion for a COA from this court even though, as will be discussed below, Storey disputes that he is required to obtain a COA to appeal the dismissal of his motions.

### B. New Federal Habeas Petition

Under a new cause number, 4:20-CV-685, Storey filed a new federal habeas petition under 28 U.S.C. § 2254 raising several of the same

3

constitutional claims that were advanced in his successive state habeas petition relating to the alleged prosecutorial misconduct surrounding the treatment of the Cherrys' opposition to Storey's death sentence. Specifically, Storey asserted that the State had denied his right to Due Process under the Fourteenth Amendment for "arguing aggravating evidence the prosecution knew to be false," "introduc[ing] false evidence," and "suppressing mitigating evidence." Storey also asserted that this same misconduct constituted an Eighth Amendment violation by rendering his death sentence "unreliable."

In response to Storey's new petition, the district court issued a show cause order requiring Storey to explain why the petition should not be transferred to this court, via 28 U.S.C. § 1631, as a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). After Storey filed a response, the district court transferred the petition to this court. *See* 28 U.S.C. § 2244(b)(3)(A); *id.* § 1631. Storey objected to the transfer order in the district court and then filed a timely notice of appeal.

## C. Request for Attorney Compensation Under 18 U.S.C. § 3599

Storey's current counsel were appointed by the district court pursuant to 18 U.S.C. § 3599(a)(2) during Storey's initial federal habeas proceedings. Following the initial federal habeas proceedings, Storey's counsel prepared his state clemency application and were compensated for that work by the district court pursuant to § 3599(e). *See Harbison v. Bell*, 556 U.S. 180, 194 (2009). Storey's counsel also requested compensation under § 3599 for their work on the successive state habeas proceedings relating to the alleged prosecutorial misconduct. The district court denied that request and Storey filed a timely notice of appeal.

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

## II. Discussion

This court consolidated Storey's various actions in order to resolve them in one decision. We now take each issue in turn.

### A. Whether the District Court Erred in Dismissing Storey's Rule 60(b) Motion and Motion Invoking the All Writs Act

#### 1. Standard of Review

##### i. Whether Storey Needs a COA to Appeal the Dismissal of His Purported Rule 60(b) Motion as a Disguised Successive Habeas Petition

A threshold question Storey raises is whether he needs to obtain a COA in order to appeal the district court's decision to construe his purported Rule 60(b) motion as a "second or successive" habeas petition (and thus dismiss it for lack of jurisdiction). Established precedent in this circuit holds that he does. *United States v. Vialva*, 904 F.3d 356, 359 (5th Cir. 2018); *Gonzales v. Davis*, 788 F. App'x 250, 252 & n.2 (5th Cir. 2019) (per curiam) (unpublished) (citing *Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006)); *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (holding that "[b]ecause the denial of a Rule 60(b) motion is a final, appealable order, it fits within the definition of a final order in a habeas corpus proceeding" and requires a COA to appeal, except when the only purpose of the motion is to "reinstate appellate jurisdiction over the original denial of habeas relief").

Nevertheless, Storey urges us to follow the lead of the Fourth Circuit, which recently reconsidered its similar precedent in light of two Supreme Court decisions. *See United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). In *McRae*, the panel majority concluded that the Supreme Court's reasoning in *Gonzalez v. Crosby*, 545 U.S. 524 (2005) and *Harbison v. Bell*, 556 U.S. 180 (2009) effectively overruled existing circuit precedent and required

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

the court to "hold that the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition." *McRae*, 793 F.3d at 398.

Although this court has issued decisions post-dating *Gonzalez* and *Harbison* that required a COA to review orders dismissing Rule 60(b) motions as successive petitions, *e.g.*, *Vialva*, 904 F.3d at 359, we have not squarely addressed the impact of *Gonzalez/Harbison* on our precedent in a published decision. *See Gonzales v. Davis*, 788 F. App'x at 252 n.2 (acknowledging the petitioner's *Harbison* argument but declining to reach it because it had been improperly raised); *cf. United States v. Fulton*, 780 F.3d 684, 686-88 (5th Cir. 2015) (applying *Harbison* to conclude that a COA is not required to appeal a district court's order transferring a § 2255 petition as successive). We do so now and conclude our precedent remains undisturbed.

As will be discussed more below, in *Gonzalez* the Supreme Court explained how to distinguish between proper Rule 60(b) motions and disguised "second or successive" habeas petitions. 545 U.S. at 531-32. And it held that a proper Rule 60(b) motion does *not* need to meet the requirements of 28 U.S.C. § 2244(b), such as the precertification requirement of § 2244(b)(3). *Id.* at 538. The Court, however, expressly declined to consider whether a petitioner would need to obtain a COA to appeal the denial of a Rule 60(b) motion, as it acknowledged several circuits already require. *Id.* at 535 & n.7.[1]

Four years later, in *Harbison*, the Court held that a COA is not required to appeal an order denying a request for federally appointed counsel

---

[1] If anything, the Court appeared to *endorse* this approach. *See Gonzalez*, 545 U.S. at 535 n.7 (describing that "the COA requirement appears to be a more plausible and effective screening requirement, with sounder basis in the statute, than" the application of § 2244(b) to proper Rule 60(b) motions).

pursuant to 18 U.S.C. § 3599. 556 U.S. at 182-83. The Court explained that a COA is required to appeal "final orders *that dispose of the merits* of a habeas corpus proceeding" and that an order denying appointment of counsel under § 3599 is not such an order. *Id.* at 183 (emphasis added).

In short, the Court in *Gonzalez* expressly declined to say anything about the relationship between the COA requirement and Rule 60(b) motions, and in *Harbison* the Court said nothing at all about Rule 60(b). Nonetheless, the argument is that *Harbison*'s general description that a COA is required to appeal final orders "that dispose of the merits" of a habeas corpus proceeding means that a COA is *not* required to appeal a jurisdictional dismissal of a collateral attack on a habeas proceeding—such as when a court concludes that a Rule 60(b) motion is in fact a successive petition filed without authorization. *See McRae*, 793 F.3d at 400.

While that might be a plausible inference to draw if writing on a blank slate, it does not amount to the clear directive from the Supreme Court that is required for us to set aside our established precedent. *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) ("For a Supreme Court decision to satisfy this Court's rule of orderliness, it must be unequivocal, not a mere 'hint' of how the Court might rule in the future." (internal quotation marks and citation omitted)). In so holding, we join the Third, Ninth, and Eleventh Circuits, which have reached similar conclusions. *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 281-83 (3d Cir. 2021); *United States v. Winkles*, 795 F.3d 1134, 1141-42 (9th Cir. 2015); *Hamilton v. Sec'y*, 793 F.3d 1261, 1265-66 (11th Cir. 2015) (per curiam).

Storey is therefore required to obtain a COA to appeal the district court's dismissal of his Rule 60(b) motion as a "second or successive" habeas petition filed without authorization. *Vialva*, 904 F.3d at 359.

### ii.  Standard to Obtain a COA

Although Storey challenged his need to seek a COA, he has alternatively moved to obtain one. When, as here, a petitioner seeks a COA to challenge a procedural ruling, a COA should issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A]ny doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." *Vialva*, 904 F.3d at 359 (quoting *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005)).

### 2.  Discussion

### i.  Storey's Purported Rule 60(b) Motion

As this court has described, the Supreme Court has provided clear guidance on how courts should separate proper Rule 60(b) motions from disguised attempts to file successive habeas petitions:

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive—and thus a successive habeas petition—if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 532).

Following this guidance, this court has specified that "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532 & n.4). A motion that "attacks a procedural ruling," *id.*, must attack a procedural ruling of the federal habeas court itself. *See Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) (explaining that a Rule 60(b) motion is properly used to "raise[] procedural error in [a] previous *federal court ruling*" (emphasis added)); *Gonzalez*, 545 U.S. at 532 & n.4. In other words, a Rule 60(b) motion in a § 2254 proceeding is proper when it attacks "[p]rocedural defects" that occur in a *federal* habeas proceeding. *See In re Coleman*, 768 F.3d at 371.

Here, Storey seeks to use a Rule 60(b) motion not to address any procedural defect in his original federal habeas proceedings, but to attack a state court's procedural ruling in a wholly separate state habeas proceeding that occurred after the conclusion of the federal proceedings. Storey argues that his Rule 60(b) motion should be granted and that the district court should therefore be instructed to "vacate" the TCCA's decision applying the state procedural bar to his subsequent state habeas petition and to "return the case" to the TCCA for it to assess the merits of that petition. A Rule 60(b) motion cannot afford such relief. *See Balentine*, 626 F.3d at 846; *see also Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) ("We do not sit as a 'super' state supreme court." (citation omitted)); *Billiot v. Puckett*, 135 F.3d

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

311, 316 n.5 (5th Cir. 1998) ("[A] federal habeas court cannot 'remand' a case to the state courts."). [2]

Storey's motion is ultimately an effort to advance "a new ground for relief" that was not contained in his initial federal habeas petition rather than an effort to redress a procedural defect in his initial federal habeas proceedings. *Gonzalez*, 545 U.S. at 532. The district court was thus correct to dismiss it as an improper Rule 60(b) motion. And because jurists of reason would not debate the correctness of the district court's procedural ruling, we decline to issue a COA. *Slack*, 529 U.S. at 484.

### ii.  Motion Invoking the All Writs Act

In the alternative to his purported Rule 60(b) motion, Storey filed a separate motion asserting that the district court could grant the same requested relief by exercising its authority under the All Writs Act. *See* 28 U.S.C. § 1651(a). But just as Storey cannot use Rule 60(b) to evade the strictures of § 2244 and § 2254, he cannot generally invoke the All Writs Act to accomplish the same end. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [the All Writs Act] to escape statutory restrictions on those remedies."); *see also Pa. Bureau of Corr. v. U. S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc

---

[2] As a member of our court has recognized, it may be possible that a state court decision can cause a defect in a federal habeas proceeding such that a Rule 60(b) motion may provide an appropriate remedy. *See Gilkers*, 904 F.3d at 348-49 (Duncan, J., concurring). But no such scenario is presented here; indeed, the complained-of state court decision occurred *after* the conclusion of the relevant federal habeas proceedings.

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

writs whenever compliance with statutory procedures appears inconvenient or less appropriate."); *cf. Nelson v. Reese*, 214 F. App'x 465, 466-67 (5th Cir. 2007) (per curiam) (unpublished) ("Because § 2255 provides the primary means of collaterally attacking a federal conviction and sentence . . . the All Writs Act is not applicable to [the petitioner]'s petition." (citation omitted)).[3]

The district court thus did not err in concluding that Storey's motion invoking the All Writs Act should be dismissed for lack of jurisdiction because § 2254 is the proper avenue for Storey to seek relief. As with the district court's order dismissing Storey's purported Rule 60(b) motion, we decline to issue a COA. *Slack*, 529 U.S. at 484.[4]

---

[3] The All Writs Act is more frequently invoked by criminal defendants in conjunction with the writs of *coram nobis* and *audita querela*. *See United States v. Miller*, 599 F.3d 484, 487-88 (5th Cir. 2010). Storey does not purport to seek either writ.

[4] "[T]he All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). Recognizing as much, Storey's motion invoked the district court's jurisdiction over his initial § 2254 petition. But just like his purported Rule 60(b) motion, Storey's motion invoking the All Writs Act improperly attempts to use his initial § 2254 proceedings as a vehicle to advance new grounds for relief not contained in his initial petition. The motion is thus best construed as a successive § 2254 petition filed without authorization. *Cf. Gilkers*, 904 F.3d at 346 (construing the petitioner's Rule 60(b) motion as an unauthorized successive § 2254 petition). As such, Storey must obtain a COA to appeal the denial of the motion. *See Resendiz v. Quarterman*, 454 F.3d 456, 458 (5th Cir. 2006) ("[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." (alteration in original) (internal quotation marks and citation omitted)). We note, however, that not every appeal involving the All Writs Act will require a COA. *See, e.g.*, *United States v. Guerra*, 187 F. App'x 414, 415 (5th Cir. 2006) (per curiam) (unpublished).

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

**B. Whether the District Court Erred in Transferring Storey's New Federal Habeas Petition to this Court as a "Second or Successive" Petition**

As described above, Storey appeals the district court's order transferring his new § 2254 petition to this court as a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). Storey has not, in the alternative, filed a motion for authorization to file a successive petition. 28 U.S.C. § 2244(b)(3)(A).

### 1. Standard of Review

Whether the district court properly transferred Storey's petition to this court as a "second or successive" petition requiring authorization pursuant to 28 U.S.C § 2244(b)(3)(A) is a question of this court's jurisdiction that is reviewed de novo. *See Adams v. Thaler*, 679 F.3d 312, 320-21 (5th Cir. 2012). An appeal of such a transfer order does not require a COA. *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

### 2. Discussion

Before a petitioner may file in federal district court a "second or successive" habeas petition as described by 28 U.S.C. § 2244(b), the petitioner must file for authorization in the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A). If a petitioner files a "second or successive" petition in the district court without first obtaining authorization from the court of appeals, the district court may transfer the petition to the court of appeals via 28 U.S.C. § 1631 because the district court lacks jurisdiction over the petition. *See Adams*, 679 F.3d at 321. Thus, a challenge to a district court's transfer order turns on whether the petition is, in fact, a "second or successive" petition within the meaning of § 2244(b). *Id.*

"Section 2244(b) does not define th[e] phrase 'second or successive,' which is a 'term of art.'" *In re Hensley*, 836 F.3d 504, 506 (5th Cir. 2016) (per

12

curiam) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). And the Supreme Court has held that, in limited circumstances, "not all second-in-time petitions are 'second or successive'" petitions that trigger the requirements of § 2244(b). *Id.* (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).

Here, Storey argues that his new § 2254 petition is second-in-time but *not* "second or successive" within the meaning of § 2244(b) and thus the district court erred in transferring the petition to this court. Principally, Storey argues that his petition is not "second or successive" under the *Magwood* doctrine because the TCCA's decision "effectively constitutes a new judgment."

Storey misconstrues *Magwood*. In *Magwood*, the petitioner successfully challenged his death sentence via an initial federal habeas petition and the district court ordered that he be released or resentenced. *Magwood*, 561 U.S. at 323. The state trial court resentenced him, again imposing the death penalty. *Id.* After the petitioner challenged the new sentence with a new federal habeas petition, the Supreme Court held that the new petition was not "second or successive" because it challenged a new judgment—the judgment imposed upon resentencing—for the first time. *Id.* at 323-24, 331 (holding that the petitioner's "resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply").

Unlike the petitioner in *Magwood*, none of Storey's state and federal habeas petitions has disturbed the original state judgment pursuant to which he remains in custody. His latest § 2254 petition is thus the second federal habeas petition to attack his original state judgment in federal court. Therefore, the *Magwood* doctrine is inapplicable. *See Gilkers v. Vannoy*, 904 F.3d 336, 341 (5th Cir. 2018) ("[B]ecause the new state court judgment in

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

[the petitioner]'s case did not impose a new sentence, but instead reaffirmed the denial of postconviction relief, this Court determined that [the petitioner]'s proposed § 2254 petition was successive and denied him authorization to file it in the district court." (citing *In re Gilkers*, No. 11-30451 (5th Cir. Aug. 31, 2011) (per curiam) (unpublished))).

While *Magwood* is not the only possible exception to § 2244(b) for second-in-time petitions, *Magwood*, 561 U.S. at 335 n.11, Storey has not persuasively demonstrated that any other established exception applies.[5] Moreover, the constitutional claims that comprise Storey's latest federal habeas petition—which are premised on alleged prosecutorial misconduct at trial—are similar in nature to the types of claim that this court has held are subject to the "second or successive" requirements of § 2244(b) when asserted in a second-in-time petition. *See Blackman v. Davis*, 909 F.3d 772, 778-79 (5th Cir. 2018) (holding that *Brady*, *Giglio*, and *Napue* claims brought in a second-in-time habeas petition must meet the "second or successive" requirements of § 2244(b)); *In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (describing that this court has "definitively . . . determined that *Brady* claims raised in second-in-time habeas petitions are successive regardless of whether the petitioner knew about the alleged suppression when he filed his first habeas petition"). Storey has not persuasively distinguished this precedent.

Finally, Storey argues that § 2244(b) does not apply to a second-in-time petition brought via § 2254 when a petitioner can show "cause and prejudice." But the cases cited by Storey for that proposition concern when

---

[5] For example, the Court has held that, in certain circumstances, § 2244(b) will not apply to claims that were advanced in an initial habeas petition but dismissed due to ripeness or exhaustion requirements and then reasserted in a second-in-time petition once the defect was cured. *See, e.g.*, *Slack*, 529 U.S. at 487; *Panetti*, 551 U.S. at 945.

14

a federal habeas court may review a federal claim that has been procedurally defaulted in state court pursuant to a state procedural rule, which is a separate concern from whether a new federal habeas petition is considered successive under § 2244(b). *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Storey cites no law that stands for the proposition that this "cause and prejudice" standard is also an exception to the "second or successive" statutory requirements of § 2244(b).

Because the district court did not err in construing Storey's new § 2254 petition as "second or successive" within the meaning of § 2244(b), we AFFIRM the district court's transfer order. Because Storey does not seek authorization from this court to file a successive petition, we DISMISS the petition for want of jurisdiction. *See Fulton*, 780 F.3d at 689.

## C. Request for Attorney Compensation Under 18 U.S.C. § 3599

Storey's current counsel were appointed by the district court pursuant to 18 U.S.C. § 3599(a)(2) during Storey's initial federal habeas proceedings. After the same counsel represented Storey during his successive state habeas proceedings, they requested compensation from the district court for that representation, arguing that the successive state habeas proceedings fell within the scope of their appointment as described by § 3599(e). The district court denied the request, concluding that such proceedings were outside the scope of § 3599.

### 1. Standard of Review

The scope of 18 U.S.C. § 3599(a)(2) and (e) is a question of statutory interpretation that is reviewed de novo. *See Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016); *see also Irick v. Bell*, 636 F.3d 289, 290 (6th Cir. 2011).

A COA is not required to appeal the denial of attorney compensation under § 3599. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).

### 2. Discussion

"Under a straightforward reading of [18 U.S.C. § 3599], subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Id.* at 185 (citing 18 U.S.C. § 3599(a)(2), (e)).

Section 3599(e) provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, *each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings*, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e) (emphasis added).

In *Harbison*, the Supreme Court held that § 3599 authorized federally funded counsel to work on state clemency proceedings. 556 U.S. at 194. Although the Court concluded that the scope of § 3599 was not limited solely to federal proceedings, the Court explained that the language of subsection (e) would necessarily limit the types of state proceedings that fall within the authorized scope of a federally funded counsel's representation. *Id.* at 188-90. Relevant here, the Court described that "subsection (e) authorizes counsel to represent her client in 'subsequent' stages of available judicial proceedings" and explained that "[s]tate habeas is not a stage 'subsequent'

No. 20-70014
c/w Nos. 20-70016, 20-70017, 20-10805

to federal habeas." *Id.* at 189; *see also id.* at 195 (Roberts, C.J., concurring) (describing that § 3599(e)'s reference to "subsequent stages" "does not include state judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings").[6]

The Supreme Court's express interpretation of subsection (e) requires us to affirm the district court's order denying federal funding for counsel's work on Storey's successive state habeas proceedings because those proceedings were outside the scope of counsel's federal appointment pursuant to § 3599. *See Irick*, 636 F.3d at 292 (describing that "the Supreme Court explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not 'subsequent to' federal habeas" (quoting *Harbison*, 556 U.S. at 189)).[7]

### III. Conclusion

We decline to issue a COA to appeal the district court's decisions dismissing Storey's purported Rule 60(b) motion and his motion invoking the All Writs Act. We AFFIRM the district court's order transferring Storey's new § 2254 petition to this court as a "second or successive" petition within the meaning of § 2244(b) and DISMISS the petition for lack of jurisdiction. We AFFIRM the district court's order denying

---

[6] In a footnote, the Court clarified that a district court could determine on a case-by-case basis whether it would be appropriate for federally funded counsel to "exhaust a claim in the course of her federal habeas representation." *Harbison*, 556 U.S. at 190 n.7.

[7] Our decision in *Wilkins* is not to the contrary, as Storey contends. There, this court held that once counsel is appropriately appointed pursuant to § 3599, counsel "d[oes] not need to seek reauthorization from the district court" before representing the defendant in subsequent proceedings that fall within the scope of subsection (e). *Wilkins*, 832 F.3d at 558. But this court did not address whether a successive state habeas proceeding would be included in that scope. *See id.* at 557-58, 557 n.36.

17

compensation to Storey's counsel for their work on his successive state habeas proceedings.